Ernest Douglas **BREDE**, Appellant,

v.

**UNITED STATES** of America,
Appellee.

No. 21928.

United States Court of Appeals
Ninth Circuit.

Sept. 16, 1968.

Before MERRILL and DUNIWAY, Circuit Judges, and TAYLOR, District Judge.

**PER CURIAM:**

Petitioning for rehearing, the United States specifically disputes two statements made in our opinion:

1.  " * * * section [1660.20(d)] requires the local board, after receiving such authorization, to meet and order the appellant to report for such civilian work."

The United States contends that § 1660.20(d) does not require that a meeting be held after receipt of authorization; that an order to report could be entered prior to authorization but subject to subsequent authorization and notice.

We agree. In this respect our opinion is modified by striking "after receiving such authorization."

2.  "At [the board] meeting [of March 14, 1966] no agreement as to a type of work in lieu of induction was reached by the board and appellant."

The United States contends that under universal administrative construction of § 1660.20(d), and universal administrative practice, a determination that certain work is appropriate constitutes an implied order to report for such work, subject to authorization of the National Director and notice. Consequently at the meeting of March 14, 1966, an agreement as to work was reached and an implied conditional order to report was entered and the action of the clerk of the board was no more than ministerial implementation of the order.

The Government's contention may have merit in an appropriate case. Here, however, the record is silent as to administrative construction and practice, or as to any understanding of the board in such respects from which it might be found that the critical exercise of administrative judgment had been made.

In this respect our opinion should be read as qualified by the state of the record.

With such modification and clarification of our opinion rehearing is denied.