**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Dennis Adrian BAKER, Defendant-Appellant.**

**No. 24024.**

United States Court of Appeals Ninth Circuit.

Sept. 17, 1969.

Kilkenny, District Judge, dissented.

Arthur Brunwasser (argued), San Francisco, Cal., for appellant.

Paul G. Sloan (argued), Asst. U. S. Atty., Cecil F. Poole, U. S. Atty., San Francisco, Cal., for appellee.

Before HAMLEY and KOELSCH, Circuit Judges, and KILKENNY, District Judge.*

KOELSCH, Circuit Judge:

Dennis Adrian Baker, a registrant classified I–A (i. e. available for military service) appeals from the judgment convicting him of failing to comply with the order of his Local Draft Board to report for induction into the armed forces of the United States of America. (50 App. U.S.C. § 462)

Baker's sole attack is directed against the order. He argues that it was invalid for two reasons: "First, because the local board did not hold a meeting and approve the issuance of the Order, as required by 32 C.F.R. § 1631.7 under the *Brede* rule, and, second, because the local board called appellant out of the proper order required by the regulations without any apparent excuse or justification." We discuss the contentions separately.

1. *The order to report for induction.*

The Order to Report for Induction (SSS Form 252) upon which the conviction rests was signed by an assistant clerk of the Board and the Government concedes that the Board held no meeting after receiving the State Director's Notice of Call on Local Board (SSS Form No. 201) to select and deliver registrants for induction.

■ Selective Service Regulation § 1631.7 provides in part that a local board "upon receiving a Notice of Call * * * shall select and order to report for induction the number of men required to fill the call from among its registrants. * * *" This language does suggest the need for a post-call meeting of a board, however we are clear that a literal construction is not required. The First

Circuit in a very recent and well reasoned opinion involving this particular regulation has concluded that an order of the Board contingent upon a later call is valid and that such an order may be implied from the action of a board in classifying a registrant I–A. United States v. Powers, 413 F.2d 834, (1st Cir., July 14, 1969). We are in accord with that decision and note that in Brede v. United States, 396 F.2d 155, modified 400 F.2d 599 (9th Cir., 1968), a case involving a I–O registrant (conscientious objector) and a regulation analogous to § 1631.7, we endorsed these same basic principles.

There being evidence that Baker had been classified I–A, the Government was not obliged to prove an express order of the Board directed to Baker.[1]

2. *The call out of proper order.*

The State Director's Notice of Call on Local Board (SSS Form 201) required the Board to select and deliver 21 men (in addition to delinquents) following the order of selection required by 26 C.F.R. § 1631.7. The pertinent portion of § 1631.7 provides that "Such registrants * * * shall be selected and ordered to report for induction in the following order: * * * (3) Nonvolunteers who have attained the age of 19 years and have no (sic) attained the age of 26 years and who (A) do not have a wife with whom they maintain a bona fide family relationship in their homes, in the order of their dates of birth with the oldest being selected first, or (B) have a wife whom they married after the effective date of this amended sub-paragraph and with whom they maintain a bona fide family relationship in their homes, in the order of their dates of birth with the oldest being selected first. * * *."

■ Manifestly, the order of call affects registrants' substantial rights. In-

---

* The Honorable John F. Kilkenny, United States District Judge for the District of Oregon, sitting by designation.

1. Baker does not question the authority of the clerk or his assistant to sign the formal order sent him. At the time 32

C.F.R. § 1604.59 permitted a clerk to sign official papers issued by local boards "if he is authorized to do so by resolution duly adopted by and entered in the minutes of the meetings. * * *" There was evidence that this Board had duly availed itself of the regulation.

deed Congress has regarded the matter as so vital to the fairness of the operation of the Selective Service System that it enacted legislation prohibiting an administrative change of the present method of determining the relative order of induction within the specified age groups. 50 U.S.C. App. § 455(a) (2). And we hold that a strict compliance is essential to the validity of an Order to Report for Induction.

■ Ordinarily the Government need not affirmatively prove that a registrant was so selected but may rely upon the presumption of regularity surrounding official proceedings to establish that fact. Greer v. United States, 378 F.2d 931 (5th Cir. 1967); Yates v. United States, 404 F.2d 462 (1st Cir. 1968). But in the instant case Baker adduced direct evidence that he was called out of order. His examination of Colonel Neilson, a field attorney for the Selective Service System, elicited the names of six registrants, all older than Baker and also classified I–A, who were carried in the Classification Register (SSS Form 102) maintained by Baker's Local Board and who were not included in the Clerk's Delivery List of Registrants. Since Baker was the youngest of the 21 registrants ordered to report on November 21, 1967, he obviously would not have been ordered to report for induction on that date if any one of these six had been called.

■ This proof presented what has been referred to as the "perhaps rare case where a defendant can produce evidence of a person who should have been called before him but was not." Yates v. United States, supra, p. 466. The effect was at least sufficient to put the regularity of the order of call in issue and to require the Government, if able, to justify by affirmative evidence the by-passing of the particular six registrants. See, e. g., United States v. Smith, 291 F.Supp. 63 (D.N.H.1968).

Thereafter the Government attempted to make such a showing. Colonel Neilson explained that numerous reasons existed for by-passing a registrant and that ordinarily this information appeared in the file of each particular subject. He then testified that he had examined the files of the six but explained that the file contents were privileged and that he could not "assign a reason to an individual man without violating the law concerning confidentiality of an individual registrant's file." Then, after affirming that he had made a determination "with regard to why those particular registrants were not ordered * * *" he was asked to "simply advise the Court what reasons you found in examining those files." Before he answered Baker objected. The court made no formal ruling on this objection but cryptically observed "Since they are of such multitudinous possibilities, there is no reason to go into this." The Government ceased further questioning.

On this appeal the Government invokes the doctrine of invited error to saddle Baker with the responsibility for any deficiency in the evidence. The argument is that the objection effectively led the court to foreclose a more adequate showing and therefore Baker should not now be permitted to complain.

We have serious doubt that the court's observation, in effect a ruling, was motivated by the objection. Rather, the record suggests that the court held the mistaken view that a proper order of call was not an essential element of the offense. Yates v. United States, *supra*. However, such doubts aside, since the Government made no offer of proof, we have no way of knowing whether such testimony would have tended to warrant the apparent irregularity.

■ Moreover, Baker's objection was well taken; the question called for testimony of the witness concerning the contents of writings which were part of the older registrants' selective service files. The best evidence of such writings was of course the writings themselves and no showing was made that the latter

were unavailable.[2] And while Baker did not point out any basis for his objection, we are convinced that the Government was not thereby misled.

The judgment is reversed.

KILKENNY, District Judge (dissenting):

Even conceding the correctness of the doctrine branding the order of call as an essential "element of the offense", as stated in United States v. Lybrand, 279 F.Supp. 74 (E.D.N.Y.1967), I would not place on the Government the burden of producing other registrants' records to show a proper order of call. Greer v. United States, 378 F.2d 931 (5th Cir. 1967); United States v. Sandbank, 403 F.2d 38 (2d Cir. 1968); and Yates v. United States, 404 F.2d 462 (1st Cir. 1968), do not require that result.

Those in charge of the administration of our Selective Service System face monumental problems in exercising their legal discretion on when and under what circumstances a registrant's call should be deferred, and another called in his stead. The decisions in *Greer, Sandbank* and *Yates* are on sound ground in requiring a registrant to show the invalidity of the call as part of his defense. *Yates* did not depart from that teaching in recognizing that "rare case where a defendant can produce evidence of a person who should have been called before him but was not." *Yates, supra,* p. 466. Here, the appellant asked for and received a hearing before the Judge, outside the presence of the jury. He called Colonel Neilson, a qualified officer of Selective Service, and developed that the call numbers of six registrants were ahead of appellant's. However, no evidence was produced that the six registrants, or any one of them, "should have been called" before appellant. It is conceded that the files of the other registrants are confidential. 32 C.F.R. §§ 1606.31, 1670.5. The Director, however, on proper application may waive the privilege and permit an examination. 32 C.F.R. §§ 1606.35(b), 1670.17(b). Appellant, if he believed that there had been an abuse of discretion in the deferment of any one or more of these registrants, had a right to file a petition and ask for permission to examine the respective files. In other words, the right to seek this permission is not limited to the Government. When the author of *Yates,* p. 466, concluded that: "since the clerk must testify in any case to the validity of the order to report, there is little extra burden on the government to have him prepared to testify on order of call," he did not, in my belief, intimate that the Clerk should have available the files of other registrants, nor did he intend to place on the Government the burden of securing from the Director a waiver of the confidential privilege. All the author said was that a clerk might testify that he had reviewed the records and found that the registrant was next in the order of call. The naked fact that six registrants, originally subject to call before appellant, were not called, does not, to my way of thinking, overcome the presumption of regularity as to those postponements. If the presumption is to be meaningful, it must encompass the discretion of the Board in granting postponement of calls.

Aside from the above, we must remember that appellant asked for this hearing. He there put in issue the regularity of the call by making Colonel

---

2. The witness did state, correctly, that the files were confidential. See 32 C.F.R. §§ 1606.31, 1670.5; however, the Director, upon proper application may waive the privilege and permit their use, 32 C.F.R. §§ 1606.63(a), 1670.17(b). The Government was on notice that Baker intended to raise the order of call issue at the trial for Colonel Neilson and Baker's counsel had gone over the evidence pertaining the order of call prior to the trial, but it made no effort to show that such approval was sought. And even on a showing that the Director had refused a request, it is doubtful that a court should allow secondary evidence. See Jencks v. United States, 353 U.S. 657, 671, 77 S.Ct. 1007, 1 L.Ed.2d 1103 (1957); Roviaro v. United States, 353 U.S. 53, 60–61, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957).

Neilson a witness and developing through him the names and call numbers of six other registrants whose call numbers were numerically prior to appellant's. The Colonel testified that he had examined each of the files of the six registrants and others and had determined why none of those registrants had been ordered to report before the appellant. After testifying that the call of any registrant might be postponed for many reasons, including a sprained ankle or a sprained wrist, he continued: "Mr. Brunwasser[1] requested I look up each of them but by law I can't reveal any individual case. I did make a summary of all the reasons for the eight men that he requested, but I can't assign a reason to an individual man without violating the law concerning confidentiality of an individual registrant's file." We must keep in mind that Colonel Neilson was called as a witness by the defendant. On cross-examination, he testified that he made a determination with regard to why the particular registrants were not ordered to report on or before the same day as Mr. Baker was ordered to report. When asked to advise the Court on what he had found on the postponements in examining the files of the registrants, defendant's counsel made a general objection and thus prevented the Government from developing the reasons. No where in the record did defendant raise the issue of the best evidence rule. If such an objection had been made, the Judge might well have continued the hearing until the files had been made available by the Director. By telephone this consent could have been obtained within minutes or, at most, hours.

I need not cite authorities in support of the universal rule permitting a wide latitude in cross-examination. On the record before us, the appellant vouches for the credibility of Colonel Neilson by calling him as a witness to establish the six postponements, but cries "objection" when the Government attempts to cross-examine the Colonel on the reasons for the postponements. The appellant, not the Government, is responsible for the lack of evidence, if any, on why the calling of the other registrants was postponed. He created this record and should be bound by it. In these circumstances, the Colonel's testimony was sufficient to show that appellant was not called out of order.

I would affirm.