**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Sean Timothy DORAN, Defendant-
Appellant.**

**No. 23368.**

United States Court of Appeals
Ninth Circuit.

Nov. 10, 1969.

---

Keith Burns (argued), of Pozzi, Wilson & Atchison, Portland, Or., for appellant.

Thomas Hawk (argued), Asst. U. S. Atty., Sidney I. Lezak, U. S. Atty., Portland, Or., for appellee.

Before BARNES, BROWNING, and CARTER, Circuit Judges.

PER CURIAM:

Defendant was convicted of refusing to submit to induction into the armed forces in violation of 50 U.S.C. App. § 462. We affirm.

Defendant's sole contention on appeal is that the order to report for induction was invalid because it was signed by the local board clerk and there was no evidence that the local board actually selected and ordered the defendant to report for induction in accordance with Selective Service Regulation 32 C.F.R. § 1631.7.*

In United States v. Baker, 416 F.2d 202 (9th Cir. Sept. 17, 1969), this court dealt with a virtually identical argument. We pointed out that although section 1631.7 "does suggest the need for a post-call meeting of a board, * * * an order of the Board contingent upon a later call is valid and that such an order may be implied from the action of a board in classifying a registrant I–A." 416 F.2d 204.

Applying these principles here, there was uncontroverted evidence that the defendant had been classified I–A by his local board, and no evidence indicating that further action in his case required any exercise of the board's discretion; thus "the Government was not obliged to prove an express order of the Board directed to [Doran]." United States v. Baker, *supra*, 416 F.2d at 204.

The case before us differs from *Baker* in one respect. In *Baker* there was evidence in the record that the local board had complied with Selective Service Regulation 32 C.F.R. § 1604.59, which provided that a local board could authorize its clerk to sign official papers "by resolution duly adopted by and entered in the minutes of the meetings." There is no evidence in the present record that the local board adopted a resolution in compliance with section 1604.59.

Assuming that no such resolution was adopted, the board completed its "critical exercise of administrative judgment" (Brede v. United States, 400 F.2d 599,

---

* 32 C.F.R. § 1631.7 provides in pertinent part:

"(a) When a call is placed * * *, each local board * * * shall select and order to report for induction the number of men required to fill the call from among its registrants who have been classified in Class I–A and Class I–A–O and have been found acceptable for service in the Armed Forces and to whom the local board has mailed a Statement of Acceptability (DD Form No. 62) at least 21 days before the date fixed for induction. * * *"

600 (9th Cir. 1968)) by placing the defendant in Class I–A and the defendant suffered no prejudice "by the board's disregard of a directory administrative detail in the performance of its duties." Smith v. United States, 157 F.2d 176, 182 (4th Cir. 1946); *see also* United States v. Cralle, 415 F.2d 1065 (9th Cir. Aug. 14, 1969); United States v. Crowley, 405 F.2d 400, 403 (4th Cir. 1968) (dictum); United States v. Lawson, 337 F.2d 800, 812 (3d Cir. 1964); Mason v. United States, 218 F.2d 375 (9th Cir. 1955); Talcott v. Reed, 217 F.2d 360, 364 (9th Cir. 1954); United States ex rel. Bergdoll v. Drum, 107 F.2d 897, 900 (2d Cir. 1939).

The judgment is affirmed.