Robert Cloyd RUSK, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 23010.

United States Court of Appeals
Ninth Circuit.

Nov. 28, 1969.

**134**

Gordon D. Lapides (argued), San Francisco, Cal., for appellant.

Paul G. Sloan (argued), Asst. U. S. Atty., Cecil F. Poole, U. S. Atty., San Francisco, Cal., for appellee.

Before HAMLEY, BROWNING and CARTER, Circuit Judges.

BROWNING, Circuit Judge.

Appellant was convicted of refusing to be inducted into the armed forces in violation of 50 U.S.C. App. § 462. We affirm.

Appellant registered with Local Board No. 118 in Santa Rosa, California, but was permitted to complete his registration process in the nearby community of Petaluma, California, where he resided. He claimed exemption as a conscientious objector, and the local board sent him a Special Form for Conscientious Objection (SSS Form No. 150).

Appellant returned the blank SSS Form No. 150 on the day he received it, with a letter stating, "due to the nature of the questions [in the SSS Form No. 150] I do not feel that either the basis or the genuineness of my claim can be demonstrated." He asked if there was an alternative means by which he could substantiate his claim. The clerk of the local board responded by advising appellant that "[u]nder present regulations, SSS Form No. 150 must be completed by a registrant claiming to be a Conscientious Objector." The clerk returned the form to appellant and informed him that the board had agreed to allow him additional time to complete it.

Appellant again returned the form to the board uncompleted, accompanied by another letter stating that the questions asked in the form "are irrelevant to my feelings. I have no program to follow in my life, or upon which to justify my claims in your terms. No person knows another by way of questionnaires and disinterested interrogations. I won't offer myself for bonding in the usual way, with all of its strange presuppositions, invasions, and requirements to the unnatural end of cataloguing and certifying my feelings."

The board denied appellant's request for classification as a conscientious objector and classified him I-A. Thereafter he was reclassified I-Y, II-S, I-Y,

and, again, I–A. He was ordered to report for induction. He reported, but refused to be inducted.

■ Appellant contends that in responding to his first letter the local board should have advised him of the existence of a government appeal agent. Under the regulations existing when appellant's letter was received, the local board was required at most to post the name of the government appeal agent in a conspicuous place at the office of the local board,[1] and there is undisputed evidence in the record that the board complied with this requirement. Appellant argues that since he did not register at the board's Santa Rosa headquarters he did not know that the name of the local appeal agent was posted there. But appellant is charged with notice of the provisions of the regulations.

■ Appellant contends that the board should have construed his two letters returning the uncompleted Form No. 150 as a request for a personal appearance. Each of the five times appellant was classified the board sent him a Notice of Classification (SSS Form No. 110), which explicitly delineated his right "to file a written request for a personal appearance before the local board." Appellant appeared to be educated, intelligent, and unusually articulate. There was no reason for the board to assume that he did not understand the clear language of SSS Form No. 110.

■ Appellant contends that the order to report for induction was invalid because it was issued by the clerk of the local board rather than by the board itself.[2] This court has held in several recent decisions, however, that where, as here, the registrant's local board has met and placed him in Class I–A, the board need not hold a post-call meeting to accomplish the ministerial task of ordering the registrant to report for induction. United States v. Doran, 418 F.2d 1226 (9th Cir. Nov. 10, 1969); United States v. Baker, 416 F.2d 202 (9th Cir. Sept. 17, 1969); cf. United States v. Stark, 418 F.2d 901 (9th Cir. 1969) (in banc). The board's decision to classify a registrant I–A is viewed as an "[implied] order of the Board contingent upon a later call * * *." United States v. Baker, *supra*, 416 F.2d at 204.

■ Appellant contends that the local board improperly failed to determine whether a letter he sent to the board after receiving his induction order required the board to reopen his classification. A local board may not reopen a registrant's classification after issuing an order to report for induction "unless the local board first specifically finds there has been a change in the registrant's status resulting from circumstances over which the registrant has no control." 32 C.F.R. § 1625.2. Assuming, arguendo, that the maturing of a conscientious objection to war may be "a circumstance over which the registrant

---

1. Under present procedures, local boards are required to notify each registrant who is placed in Class I-A, I-A-O, or I-O, that a government appeal agent is available to advise him of his appeal rights, giving the name of the government appeal agent. If the registrant seeks advice, the local board clerk is required to arrange a meeting with the government appeal agent. Local Board Memorandum 82, March 6, 1967, I SSLR 2199.

   Failure to comply with this requirement may vitiate a subsequent induction order. United States v. Davis, 413 F.2d 148 (4th Cir. 1969).

2. 32 C.F.R. § 1631.7(a) requires that the local board "select and order to report for induction the number of men required to fill the call from among its registrants who have been classified in Class I-A. * * *" 32 C.F.R. § 1632.1 requires the board to "prepare for each man an Order to Report for Induction. * * *" 32 C.F.R. § 1604.56 provides, *inter alia*, that "[e]very member present [at a board meeting], unless disqualified, shall vote on every question or classification."

   Appellant concedes that the clerk was authorized to sign orders issued by the local board. *See* United States v. Baker, 416 F.2d 202, 204 n. 1 (9th Cir. Sept. 17, 1969).

had no control," [3] appellant's letter contained nothing which could have supported a finding that his views matured after the issuance of the order directing him to report for induction. United States v. Kanner, 416 F.2d 522 (9th Cir. Sept. 25, 1969); United States v. Weersing, 415 F.2d 130, 134 (9th Cir. 1969); *see also* Oshatz v. United States, 404 F.2d 9, 10–11 (9th Cir. 1968); Briggs v. United States, 397 F.2d 370, 372 (9th Cir. 1968); Dugdale v. United States, 389 F.2d 482, 484–485 (9th Cir. 1968).

■ Appellant contends that his conviction must be reversed because the government failed to prove that he was called for induction in the order set out in 32 C.F.R. § 1631.7. This contention is foreclosed by United States v. Baker, *supra*, in which we held that although strict compliance with 32 C.F.R. § 1631.7 is essential to the validity of an Order to Report for Induction, "the Government need not affirmatively prove that a registrant was so selected but may rely on the presumption of regularity surrounding official proceedings to establish that fact," unless the defendant produces some evidence that he was called out of turn. 416 F.2d at 205. Appellant produced no such evidence.

Appellant's other contentions are also without merit.

■ The local board was not required to give appellant notice of the meeting at which his classification was to be considered, for he had no right to appear or to be represented at that meeting. As noted, appellant was given ample notice of his right to appear personally before the board after the board had decided the classification which appeared to be appropriate on the basis of the written record.

■ Appellant's offer to "prove the illegality of the war in Vietnam" and "to show the direct relationship between conscriptees of the Selective Service System and the waging of this war" properly was refused by the trial court. Sim-

mons v. United States, 406 F.2d 456, 460 (5th Cir. 1969); United States v. Prince, 398 F.2d 686, 688 (2d Cir. 1968); United States v. Mitchell, 369 F.2d 323, 324 (2d Cir. 1966); *cf.* United States v. Rehfield, 416 F.2d 273 (9th Cir. Sept. 15, 1969).

Affirmed.

---

3. This issue is now pending before this court in banc in Ehlert v. United States, No. 21,930.