**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**John Carl HULPHERS, Jr., Defendant-Appellant.**

**No. 24710.**

United States Court of Appeals,
Ninth Circuit.

Dec. 29, 1969.

Clark A. Barrett (argued), San Mateo, Cal., for appellant.

Paul G. Sloan (argued), Asst. U. S. Atty., Cecil F. Poole, U. S. Atty., San Francisco, Cal., for appellee.

Before BROWNING, CARTER, and WRIGHT, Circuit Judges.

PER CURIAM:

Defendant appeals his conviction of refusing to submit to induction into the armed forces. 50 U.S.C.App. § 462. We affirm.

■ Defendant contends that the conviction must be reversed because the local board, after classifying him I–A, did not meet and order him to report for induction. But as we pointed out in United States v. Baker, 416 F.2d 202, 204 (9th Cir. 1969), "an order of the Board contingent upon a later call is valid and * * * such an order may be implied from the action of a board in classifying a registrant I–A." *Accord,* United States v. Rusk, 419 F.2d 133 (9th Cir. Nov. 28, 1969); United States v. Doran, 418 F.2d 1226 (9th Cir. Nov. 10, 1969).

■ Defendant also contends that the government failed to sustain its burden of proof since there was no evidence in the record that the local board had adopted a resolution pursuant to 32 C.F.R. § 1604.59,[1] authorizing its clerk to sign induction orders. "It is the settled general rule that all necessary prerequisites to the validity of official action are presumed to have been complied with, and that where the contrary is asserted it must be affirmatively shown" Lewis v. United States, 279 U.S. 63, 73, 49 S.Ct. 257, 260, 73 L.Ed. 615 (1929); *see also* Keene v. United States, 266 F.2d 378, 380 (10th Cir. 1959). Defendant has made no such showing here. Moreover, even if we assume that the local board did not comply with section 1604.59, defendant has suggested no prejudice which might have resulted from "the board's disregard of [this] directory administrative detail in the performance of its duties." Smith v. United States, 157 F.2d 176, 182 (4th Cir. 1946); *see* United States v. Doran,

1. The local board may authorize any "compensated employee" to sign official papers "by resolution duly adopted by and entered in the minutes of the meetings of the local board." 32 C.F.R. § 1604.59.

supra, 418 F.2d at 1226, and cases there cited.

 Defendant contends that the local board erred in refusing to reopen his classification after he submitted an SSS Form No. 118 (Dependency Questionnaire) informing the board that he was the sole support of a pregnant woman with whom he was living. The form was supported by a medical certificate verifying the fact of pregnancy as required by 32 C.F.R. § 1622.30(c) (3).

Defendant submitted the form and affidavit after the board had mailed him an order to report for induction. In these circumstances a local board may not reopen a classification "unless the local board first specifically finds that there has been a change in the registrant's status resulting from circumstances over which the registrant had no control." 32 C.F.R. § 1625.2. Defendant failed to demonstrate any "change in status" occurring after he was ordered to report for induction. On the contrary, the medical certificate submitted by defendant stated that the expected baby was "due in August," thus suggesting that conception occurred two months *before* the mailing of defendant's induction order.

Defendant explained the late filing of his Form 118 by stating, "the reason I didn't act sooner was that I didn't realize an unborn child made me eligible for reclassification." But defendant's ignorance of the requirements for a III–A classification does not alter the fact that there was no evidence of a post-induction order change-of-status. *See* Dugdale v. United States, 389 F.2d 482, 484–485 (9th Cir. 1968).

 Finally, defendant contends that the copy of his selective service file which was admitted in evidence was not properly authenticated in accordance with Federal Rule of Civil Procedure 44.[2] Attached to the copy of the file was the certificate of Major Scott, Chief of the Classification Section, California State Headquarters for Selective Service, attesting that it was a full, true, and correct copy of the original file, of which he had legal custody. Also attached was the certificate of Colonel John, Chief of the Administration Division, attesting that Major Scott had legal custody of the original file. This was sufficient.

We do not read the Selective Service Regulations cited by defendant (32 C.F.R. §§ 1606.22, 1606.33) as *limiting* legal custody of a registrant's file to the local board for the purposes of Rule 44. Defendant has offered no other legal or factual basis for questioning the accuracy of the attestations that Major Scott had such legal custody.

Affirmed.

---

2. Rule 44 provides in pertinent part:
  "(a)—Authentication
    (1) Domestic. An official record * * * may be evidenced by an official publication thereof or by a copy attested by the officer having the legal custody of the record, or by his deputy, and accompanied by a certificate that such officer has the custody. * * *"
The rule is made applicable to criminal proceedings by Rule 27 of the Federal Rules of Criminal Procedure.