**UNITED STATES of America,**
**Appellee,**

v.

**Faxon David Clayton BOWEN, Jr.,**
**Appellant.**

**No. 23736.**

United States Court of Appeals
Ninth Circuit.

Dec. 29, 1969.

Lloyd E. McMurray (argued), San Francisco, Cal., for appellant.

Jerrold Larar (argued), John G. Milano, Asst. U. S. Attys., Cecil F. Poole,

U. S. Atty., San Francisco, Cal., for appellee.

Before BARNES, DUNIWAY, and ELY, Circuit Judges.

PER CURIAM.

Bowen was convicted for having refused induction into the Military Service, a violation of the Selective Service Act. 50 U.S.C. App. § 462. His plea for reversal is based upon two contentions: (1) That the minutes of the local board do not specifically recite that the local board itself and the members thereof issued the order to report for induction. (2) That the local board should have reopened its classification in order to consider the registrant's claim of conscientious objector status.

The appellant's first contention is undermined by our recent opinion in United States v. Stark, 418 F.2d 901 (9th Cir. 1969) (*en banc*). As to appellant's second contention, his claim for conscientious objector status was not presented to his local board until fifteen days after the notice to report for induction was mailed. In his brief, Bowen admits that the form was not returned until six days after he received the notice to report. The local board was not required to reopen the classification absent its express finding that the claimed change in status resulted "from circumstances over which the registrant had no control." 32 C.F.R. § 1625.2. The registrant's belated claim was presented on the standard form SSS 150. We have examined the contents of the completed form and find nothing therein which suggests that appellant's claimed change of status resulted from circumstances beyond his control. That being so, the Board's refusal to reopen the classification cannot be successfully challenged.

Bowen argues that the board actually did reopen his classification. He bases this argument upon the testimony of a board employee to the effect that the registrant's entire file would have been considered by the board, in the course of its usual practice, in making its decision whether to reopen. This testimony does not support Bowen's basic premise that the classification was in fact reopened. The record is to the contrary, it being specifically recited, in connection with the newly presented claim, "Reviewed and not reopened." Bowen's reliance upon Miller v. United States, 388 F.2d 973 (9th Cir. 1967), is misplaced. *Miller* is clearly distinguishable, for there, the State Director of Selective Service had expressly authorized the local board to reopen under 32 C.F.R. § 1625.3(a).

Affirmed.