**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Walter Alvin KINGEN, Defendant-Appellant.**

**No. 24034.**

United States Court of Appeals Ninth Circuit.

Jan. 16, 1970.

J. B. Tietz (argued), Los Angeles, Cal., for defendant-appellant.

Richard V. Boulger (argued), John P. Hyland, U. S. Atty., Fresno, Cal., for plaintiff-appellee.

Before CHAMBERS and JERTBERG, Circuit Judges, and BYRNE, District Judge.*

JERTBERG, Circuit Judge:

Appellant appeals from a judgment of conviction for having refused induction into the Armed Forces of the United States, in violation of the Universal Military Training and Service Act, § 12(a), 50 U.S.C.App. 462(a) (1964), as amended, U.S.C.A.App. Supp. (1967). He was sentenced to the custody of the Attorney General for a period of two years. Execution of the sentence was suspended and he was placed on probation for a period of two years on specified conditions.

Appellant registered with the Local Board on April 15, 1959. On January 15, 1962, the Board received from him a completed Classified Questionnaire (SSS Form No. 100). In this Questionnaire, appellant did not sign the section relating to conscientious objection, nor did he request Special Form for Conscientious Objection (SSS Form No. 150).

The Board received Current Information Questionnaires from appellant on June 21, 1963, April 28, 1965, and September 27, 1966, but in none of these did appellant claim the status of conscientious objector.

On April 9, 1962, appellant was classified I–A; reclassified I–A by the Board on October 18, 1965; and on appeal to the Appeals Board was retained in that classification on August 18, 1966.

Appellant was ordered to report for physical examination on August 23, 1963, and was thereafter certified acceptable for military service.

Appellant appeared personally before the Board on February 14, 1966. At that time he requested, and was furnished, Conscientious Objection Form

---

* Honorable William M. Byrne, Senior United States District Judge, Central District of California, sitting by designation.

(SSS Form No. 150). On March 30, 1966, the Board wrote a letter to appellant stating that on February 14, 1966, he had been handed a special form for Conscientious Objector which he was requested to complete and return, but that the completed form had not been returned. Appellant was advised that if he still wanted the Local Board to give consideration to a conscientious objection claim, then the Form 150 should be completed and returned within ten days after the date of the letter. Appellant failed to do so.

On September 29, 1966, appellant was ordered to report for induction on October 20, 1966. Appellant appeared but refused induction.

On October 7, 1966, appellant's counsel wrote a letter to the Board requesting reclassification for appellant from I–A to I–A–O. The Board answered the letter on October 18, 1966, advising counsel that appellant was required to report for induction as ordered.

Another copy of Form 150 was furnished to appellant on November 2, 1966, which was completed and returned to the Board on December 13, 1966. On February 13, 1967, appellant's completed form 150 was reviewed by the Board and reclassification was denied, and on February 17, 1967, appellant was advised by mail that the facts did not warrant reclassification.

On this appeal appellant contends:

1. That he timely presented a prima facie case for reclassification to I–A–O, and that the refusal of the Board to reclassify appellant was without basis in fact, arbitrary, and contrary to law;

2. That he was denied procedural due process in that he was not granted a personal appearance before the Board when it considered his request for reclassification.

Appellant is in error when he contends that he presented to the Board a timely claim for conscientious objector status. The Board mailed to appellant on September 29, 1966, a letter in which appellant was ordered to report for induction on October 20, 1966.

The first indication received by the Board that appellant desired to raise the question of his classification was on October 10, 1966, when it received a letter from his counsel. Nothing was received in writing from appellant until December 13, 1966, when he returned to the Board a completed SSS Form 150, some two months after he had refused induction on October 20, 1966.

The duty of the Local Board to consider the request for change in classification, after the order to report for induction has been mailed, is governed by Section 1625.2, Title 32, Code of Federal Regulations, which provides, in part:

"The local board may reopen and consider anew the classification of a registrant (a) upon the written request of the registrant, * * * provided, in either event, the classification of a registrant shall not be reopened after the local board has mailed to such registrant an Order to Report for Induction * * * unless the local board first specifically finds there has been a change in the registrant's status resulting from circumstances over which the registrant had no control."

The Local Board was not required to reopen the classification absent its express finding that the claimed change in status resulted from circumstances over which the registrant had no control. See United States v. Faxon David Clayton Bowen, Jr., 423 F.2d 266 (9th Cir. 1969); United States v. John Carl Hulphers, Jr., 421 F.2d 1291 (9th Cir. 1969); Rusk v. United States, 419 F.2d 133 (9th Cir. 1969).

No such change in status so resulting was specifically found by the Board here. Hence, the Board cannot lawfully reopen the classification. See Dugdale v. United States, 389 F.2d 482 (9th Cir. 1968); Oshatz v. United States, 404 F. 2d 9 (9th Cir. 1968).

We have examined the SSS Form 150 and attachments which were submitted by appellant under date of December 13, 1966. They clearly show that the beliefs of the appellant were long-standing and did not arise after his order to report for induction had been mailed to him on September 29, 1966.

■ We find no merit in appellant's contention that he was denied due process when the Board refused to reopen his classification and grant to appellant a personal appearance before the Board. See Palmer v. United States, 401 F.2d 226 (9th Cir. 1968).

The judgment appealed from is affirmed.