UNITED STATES of America,
Plaintiff,

v.

Robert Stone McCLINTOCK, Defendant.

Crim. No. 42539 RFP.

United States District Court,
N. D. California.

April 15, 1970.

---

9. 28 U.S.C.A. § 2281.

F. Steele Langford, Asst. U. S. Atty., San Francisco, Cal., for plaintiff.

Richard B. Weinstein, San Francisco, Cal., for defendant.

## JUDGMENT OF ACQUITTAL

PECKHAM, District Judge.

Defendant has moved for a judgment of acquittal after his trial for violation of 50 U.S.C. App. § 462 (refusal to submit to induction). Defendant argues, *inter alia*, that his induction order was invalid because he was processed as a delinquent. The Government argued, and at an additional hearing, has attempted to prove that the defendant would have been called for induction when he was regardless of the delinquency declaration and therefore that no acceleration occurred. See United States v. Thomas, 422 F.2d 1327 (9th Cir. February 9, 1970) (presumption that a delinquent's induction was accelerated, "absent a showing to the contrary").

 Upon consideration of the evidence adduced at the hearing, the Court concludes that the Government did not prove beyond a reasonable doubt that McClintock was not accelerated.[1] The The Government did show that other members of defendant's age group had previously been called for induction. However, the plaintiff could not show precisely how many men had been called

---

1. Although United States v. Thomas, *supra*, speaks in terms of "assumptions" and "showings", it is clear that an accelerated induction is unauthorized and illegal. Breen v. Local Board No. 16, 396 U.S. 460, 90 S.Ct. 661, 24 L.Ed.2d 653 (1970); Gutknecht v. United States, 396 U.S. 295, 90 S.Ct. 506, 24 L.Ed.2d 532 (1970). Demonstrating the absence of acceleration in a case where the defendant was declared a delinquent thus becomes an element of the offense and must be proved beyond a reasonable doubt. See United States v. Fink, Cr. No. 42945, N.D.Cal., January 9, 1970.

earlier and how many, not otherwise deferred, remained to be called after the date set for defendant's induction. Without such information it is impossible to come to a certain conclusion regarding acceleration.

Considerations of quanta of proof aside, we decide that the defendant was not properly ordered for induction. Since *Gutknecht* and *Breen, supra,* n. 1, it is evident that induction orders made pursuant to 32 C.F.R. §§ 1642 and 1631.7(a) (first proviso regarding delinquents) are invalid. All proceedings based on declarations of delinquency, including induction without all the normal procedural safeguards, are unauthorized by the Military Selective Service Act of 1967. Since the local boards must have specific authority upon which to base their orders for induction, we must seek another provision under which defendant could have been inducted. This search is in vain. With exceptions in 32 C.F.R. § 1631.8 not here relevant, board action with respect to order of call for *all* registrants is found in § 1631.7. Defendant was not a volunteer and the delinquency provision is invalid. This leaves only the portion regarding "normal" inductions. This regulation prescribes three prerequisites for induction: classification in class I–A or I–A–O; finding of acceptability for service in the Armed Forces; mailing to the registrant a Statement of Acceptability (DD Form 62) at least 21 days before the date set for induction. It is conceded that in this case the second and third requirements were not met. They were not met because the defendant refused to take his pre-induction physical. Unquestionably it is anomalous for a person to escape punishment (for refusing induction) because of his own willful nonfeasance. However, this very issue was dealt with in *Gutknecht*: "We search the Act in vain for any clues that Congress desired the Act to have punitive sanctions apart from the criminal prosecutions specifically authorized." 396 U.S. at 307, 90 S.Ct. at 512, 24 L. Ed.2d at 542. In this case, defendant

could have been prosecuted for failing to take the physical examination. 32 C.F. R. § 1628.16; 50 U.S.C. App. § 462. The fact that there is presently no provision for inducting, rather than prosecuting, registrants who fail to take a physical examination is of course a product of the *Gutknecht* and *Breen* decisions. Prior to those decisions such individuals were ordered to report for induction as delinquents under the first proviso of 32 C.F.R. § 1631.7(a) which allowed for induction without the finding of acceptability or the mailing of a DD 62. The Court cannot supply such regulations and in their absence is forced to conclude that the presently valid portion of § 1631.7 was not complied with, that strict compliance with the order of call regulation is mandatory, *United States v. Baker,* 416 F.2d 202 (9th Cir. 1969), and therefore that the order to report was invalid.

The motion for a judgment of acquittal is granted and defendant is discharged.