**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Robert Thomas MOORE, Defendant-**
**Appellant.**

**No. 24162.**

United States Court of Appeals,
Ninth Circuit.

March 6, 1970.

Rehearing Denied April 28, 1970.

G. Bernard Fedde (argued), Portland, Or., for defendant-appellant.

Sidney I. Lezak, (argued), U. S. Atty., Tommy Hawk, Asst. U. S. Atty., Portland, Or., for plaintiff-appellee.

Before DUNIWAY, WRIGHT and TRASK, Circuit Judges.

DUNIWAY, Circuit Judge.

Convicted of violating 50 U.S.C.App. § 462, in that he failed to submit to induction into the Armed Forces of the United States as ordered by his local draft board, Moore was found guilty by the court. He appeals. We affirm.

Moore was reclassified 1–A by his local board in March of 1967. In May of 1967, he requested, completed and returned to his local board the form for applying for conscientious objector status (S.S.S. 150). He also requested and received permission to appear before the board as it considered his request for reclassification. At the hearing Moore presented the board with a written supplement to his S.S.S. 150, answered the board's questions, and presented a former teacher who testified on his behalf. The board rejected Moore's claim and refused to reopen his classification. Moore appealed, and in December of 1967 the Oregon State Appeal Board affirmed Moore's 1–A classification by a vote of 4–0. On December 26, 1967 Moore received an order to report for induction on January 9, 1968. Moore reported to the induction center, but was asked to return on January 23, 1968. He did so and was found acceptable for service. On February 14, 1968 Moore refused to submit to induction into the armed forces.

Moore raises three issues on this appeal. They will be discussed separately.

1. *Induction order signed by the clerk.*

■ Moore argues for the first time on this appeal that his induction order was invalid because it was signed by the clerk of the board, and because there was no evidence that the local board met to select and order him to report for induction. Our prior decisions dispose of this argument. United States v. Bowen, 9 Cir. (December 29, 1969), 423 F.2d 266; United States v. Hulphers, 9 Cir. 1969, 421 F.2d 1291; Rusk v. United States, 9 Cir. 1969, 419 F.2d 133; *cf.* United States v. Stark, 9 Cir. 1969 (*in banc*), 418 F.2d 901.

2. *Prima facie case for reclassification.*

■ Next, Moore argues that he presented a prima facie case for reclassification and that the reasons advanced by his local board for refusing to reclassify him fail to show a basis in fact for its decision. We need not delve into the adequacy of the reasons advanced by Moore's draft board because he failed to present a prima facie case for reclassification. United States v. Haughton, 9 Cir., 1969, 413 F.2d 736, 738; Parrott v. United States, 9 Cir., 1966, 370 F.2d 388, 391. S.S.S. Form 150 Series II requires the applicant to describe the nature of his belief which is the basis of his claim for conscientious objection. This section is captioned, "Religious Training and Belief." Moore's answer was,

"No individual of any nation should ever be subject to mandatory participation in non combatant training and service in the Armed Forces or to mandatory participation in war. I have no belief in a supreme being, but contend that an individual's decisions regarding his own participation in military training and/or war are supe-

rior to any other person or any society."

The written statement to supplement his S.S.S. 150, filed by Moore, discusses the Supreme Court's decision in United States v. Seeger, 1965, 380 U.S. 163, 85 S.Ct. 850, 13 L.Ed.2d 733 and redefines Moore's beliefs as follows:

"I have no belief in the personal God which, I suppose, would be envisioned by most members of my church [Moore stated in his S.S.S. 150 that he was a member of the Presbyterian church but did not attend]. I have no belief in a God or Supreme Being which is conscious of itself and of its power in relation to other living things.

"If there is an ultimate consciousness, it is in the individual minds of men— not because men are themselves supreme, but because they are forever striving to improve and understand the human condition. As an individual, I feel committed to aid in the process of human growth. This is not always an external process; by searching for meaning in my own life, I lend meaning to the world and to the individuals around me. I think that this belief—in the light of the Supreme Court interpretation—[in Seeger] should be construed as a belief in a supreme being, because my belief is parallel to that filled by the orthodox beliefs of others."

In Seeger, the Supreme Court decided that,

"Congress, in using the expression 'Supreme Being' rather than the designation 'God,' was merely clarifying the meaning of religious training and belief so as to embrace all religions and to exclude essentially political, sociological, or philosophical views. We believe that under this construction, the test of belief 'in a relation to a Supreme Being' is whether a given belief that is sincere and meaningful occupies a place in the life of its possessor parallel to that filled by the orthodox belief in God of one who clearly qualifies for the exemption." (380 U.S. at 165–166, 85 S.Ct. at 854.) [Emphasis added.]

Moore's beliefs are clearly political or philosophical, their essence being a kind of individual self-determination. We do not question the sincerity of these beliefs, but we do not find that they meet the test set forth in Seeger. Nor do we believe that a ritual incantation, quoting the phrase "occupies a place * * * parallel to that filled by the orthodox belief in God of one who clearly qualifies for the exemption" from the Seeger decision, serves to qualify any set of beliefs as religious[1] as required by 50 U.S.C. App. § 456(j).[2]

**3. Failure to provide a summary of testimony.**

■ After Moore had testified before his local board, Mr. John Platt, a former teacher, testified on his behalf. Subsequently, the board sent Moore S.S.S. Form 119, Report of Oral Information. The report consisted of two sheets, the first describing Moore's appearance, and the second continuing this description and ending with a short paragraph concerning the appearance of Mr. Platt. Moore contends that he never received the second sheet and that failure to provide it deprived him of due process. The draft board's records merely reflect that Moore was sent the Report of Oral Information. We are unable to find any

---

1. Moore does not claim that requiring conscientious objection to spring from religious grounds is in violation of the First Amendment.

2. 50 U.S.C.App. § 456(j) provides, "Nothing contained in this title * * * shall be construed to require any person to be subject to combatant training and service in the armed forces of the United States who, by reason of religious training and belief, is conscientiously opposed to participate in war in any form. As used in this subsection, the term 'religious training and belief' does not include essentially political, sociological, or philosophical views, or a merely personal moral code."

statute or regulation that requires that the content of a witness' testimony be forwarded to the registrant. In this case, even if there were some requirement that Moore received a copy of Platt's testimony, there could be no prejudice because he failed to present a prima facie case for reclassification.

Affirmed.