**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**George Michael WELDON, Defendant-
Appellant.**

**No. 23420.**

United States Court of Appeals
Ninth Circuit.

Dec. 29, 1969.

As Modified on Denial of Rehearing
Jan. 26, 1970.

Certiorari Denied June 1, 1970.

See 90 S.Ct. 1855.

S. Leonard Scheff (argued), Tucson, Ariz., for appellant.

Rubin Salter, Jr. (argued), Jo Ann D. Diamos, Asst. U. S. Attys., Edward E.

Davis, U. S. Atty., Tucson, Ariz., for appellee.

Before MERRILL, BROWNING and DUNIWAY, Circuit Judges.

PER CURIAM:

Appellant was convicted of refusing to be inducted into the armed forces in violation of 50 U.S.C. App. § 462.

1. He contends that the Government failed .to prove that he was called for induction in the order set out in 32 C.F.R. § 1631.7. He has, however, produced nothing to suggest that he was called out of turn.[1] Under these circumstances the presumption of regularity of Board action prevails. United States v. Baker, 416 F.2d 202 (9th Cir. 1969); Rusk v. United States, 419 F.2d 133 (9th Cir. 1969).

2. Appellant contends that .the order of induction signed by the clerk of the Board was not a Board order.[2] The contention is without merit. United States v. Doran, 418 F.2d 1226 (9th Cir. 1969); United States v. Baker, *supra.* *See* United States v. Stark, 418 F.2d 901 (9th Cir. 1969), in which the court in banc overruled in part Brede v. United States, 396 F.2d 155 (9th Cir.), *modified on rehearing,* 400 F.2d 599 (9th Cir. 1968).

3. There was basis in fact for the Board's rejection of appellant's claim of conscientious objection. *See* United States v. Corliss, 280 F.2d 808, 816 (2d Cir.), *cert. denied,* 364 U.S. 884, 81 S.Ct. 167, 5 L.Ed.2d 105 (1960) (similar criteria used by court to reject a claim of conscientious objection).

4. The information which appellant furnished to the Board did not establish a prima facie case for a minister's exemption. Appellant never claimed such an exemption before the Board and, indeed, in his classification questionnaire affirmatively disclaimed that exemption.

Judgment affirmed.

---

1. We find no merit in appellant's contention that testimony of the Board clerk to the effect that oldest men were called first establishes that the call was without regard to delinquents and volunteers. Taking the testimony in context, we read it as excluding reference to delinquents or volunteers.

2. Appellant also contends that the order was signed not by the clerk but by an "acting clerk," a position not authorized by the regulations. The record establishes that, however the official may have characterized herself, she was at the time in question the clerk of the Board.