**UNITED STATES of America, Plaintiff-Appellee,**

v.

**George Clark BEEBE, Defendant-Appellant.**

**No. 25167.**

United States Court of Appeals, Ninth Circuit.

Sept. 10, 1970.

31, F.R.A.P., Kimbrough v. Beto, Director, 5 Cir. 1969, 412 F.2d 981.

Gordon D. Lapides (argued), San Francisco, Cal., for defendant-appellant.

Jerry K. Cimmett (argued), Coleman Bresee, Asst. U. S. Attys., James L. Browning, U. S. Atty., Jerrold M. Ladar, Chief, Criminal Division, San Francisco, Cal., for plaintiff-appellee.

Before MERRILL, BROWNING and DUNIWAY, Circuit Judges.

PER CURIAM:

1. Following bench trial, in opposing appellant's motion for acquittal, the Government attached to its memorandum an affidavit by one of its trial witnesses in effect expanding the trial testimony of that witness. The memorandum, referring to the affidavit, requested leave to reopen trial so that testimony could be introduced in accordance with the affidavit "if the court deems the point to be material." Appellant moved to strike the affidavit and all reference to its subject in the Government's memorandum. No action was taken on this motion. Subsequently the court entered findings of fact, conclusions of law and judgment of conviction. Appellant assigns as error the court's failure to order the affidavit stricken.

It does not appear, however, that the court in its findings of fact relied on the affidavit or gave it any consideration beyond that invited by the Government. The court neither granted the motion to strike the affidavit nor ordered a reopening to permit the Government to offer testimony on the subject matter of the affidavit. It seems apparent that it simply paid no attention to it. Its findings make no reference to the specific subject of the affidavit. In finding against appellant upon the issue to which it related the court based its determination upon "a review of defendant's file and his testimony during the course of trial." The findings refer explicitly to the file and to the inconsistencies there reflected. Accordingly we find no prejudice in the court's failure to strike the affidavit.

2. Appellant's contentions respecting order of call have been dealt with in United States v. Lloyd, 431 F.2d 160 (9th Cir. 1970), and United States v. Jones, 431 F.2d 619 (9th Cir. 1970), and the issue resolved against appellant.

3. Appellant's contention that the use of draftees to wage war in Vietnam is unconstitutional has been dealt with in Rusk v. United States, 419 F.2d 133 (9th Cir. 1969), and the issue resolved against appellant.

4. We find no merit in appellant's contention that he was denied a speedy trial. The delay of which he complains occurred after trial and before a decision was announced by the District Court. We note further that that delay did not prejudice appeal and that appellant during this period was at large on bail.

Judgment affirmed.