**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Richard Carl SMITH, Defendant-
Appellant.**

**No. 71–1279.**

United States Court of Appeals,
Ninth Circuit.

June 7, 1971.

Hamlin, Circuit Judge, concurred and filed opinion.

Bert E. Green, San Francisco, Cal., for defendant-appellant.

James L. Browning, Jr., U. S. Atty., Jerry Cimmet, Asst. U. S. Atty., F. Steele Langford, Chief, Crim. Div., San Francisco, Cal., for plaintiff-appellee.

Before HAMLIN and WRIGHT, Circuit Judges, and GOODWIN, District Judge.*

EUGENE A. WRIGHT, Circuit Judge:

Richard Carl Smith appeals his conviction for refusing induction into the Armed Services in violation of 50 U.S.C. App. § 462(a). We affirm.

On April 22, 1969, Smith's local board sent him an order to report for induction on May 14, 1969. He reported but refused to submit for induction.

Smith's principal contention on appeal is that the order to report was invalid because it was issued in violation of the order of call regulations, 32 C.F.R. § 1631.7. Pursuant to that defense, he placed in question the files of 33 registrants of his local board, all of whom were older than he and had not been ordered to report for induction. On appeal, eleven of these files remain in question, the government having conceded that one of the original 33 was improperly bypassed and Smith having conceded that the remainder were properly processed by the local board.

Under our decision in United States v. Baker, 416 F.2d 202, 204 (9th Cir. 1969), "the order of call affects registrants' substantial rights." Having thus established that the propriety of the order of call was sufficiently in question, the burden of proof shifted to the government to prove that Smith was not called out of order. *See* United States v. Weldon, 422 F.2d 800 (9th Cir. 1969), cert. denied 398 U.S. 941, 90 S.Ct. 1855, 26 L.Ed.2d 275 (1970); Rusk v. United States, 419 F.2d 133, 136 (9th Cir. 1969). To meet this burden, the government called Mary Spearman, Executive Secretary of Smith's local board, who explained why each of the eleven was not called ahead of Smith.

This case arose prior to the "lottery" regulations, 32 C.F.R. § 1631.7 (Jan. 1970). Under the regulations applicable at the time of Smith's order, the local board was directed to call (after volunteers), the oldest registrants who were (1) classified I–A, or I–A–O, (2) had been found acceptable for military service and (3) had been mailed a Statement of Acceptability (DD Form 62) at least 21 days prior to the date of induction.

Smith admits that none of the eleven registrants questioned here met all three requirements. All were older than Smith and classified I–A but none had yet been mailed the requisite Statement of Acceptability. Under these facts, the government urges that it has met its burden of proof by establishing that there were no other registrants fully qualified for induction who should have been ordered ahead of Smith. Smith, on the other hand, points to the fact that all eleven were older than he, were classified I–A, and would have been fully qualified had it not been for reasons peculiar to their individual processing by the local board.

We reject the government's position as to the proper standard of review when the order of call defense is raised. To accept it would be to sanction every kind of improper processing at the local board having the effect of delaying the induction of registrants who should be processed ahead of their peers. Local boards are required to deliver a specific

* Hon. Alfred T. Goodwin, United States District Court, District of Oregon, sitting by designation.

number of registrants pursuant to orders from the State Director. Any "advantages" granted to some of its registrants operate to the substantial disadvantage of others. We cannot therefore adopt a rule which would leave the local boards free to perpetrate inequities through improper processing of favored registrants.

A registrant may rely upon improper processing of higher priority registrants in defending a criminal prosecution if he can establish (1) that his local board violated a specific regulation, and (2) that the result was to delay significantly the time when higher priority registrants became fully acceptable for induction.

Applying this standard to Smith, we note at the outset that he was the oldest of five registrants called on April 22. He must therefore show that there were at least four, in addition to the one conceded by the government, who were improperly bypassed in order to establish the prejudice necessary for reversal. United States v. Baker, *supra*. *See also* United States v. Lloyd, 431 F.2d 160 (9th Cir. 1970). Our analysis of the registrants involved here reveals only two additional men who, under the foregoing rule, were improperly bypassed by the local board.

Both had their processing improperly delayed because the local board failed to comply with 32 C.F.R. § 1626.14 which requires the local board to forward a registrant's file to the appeal board within five days after the lapse of the time for appeal. In one case the local board waited over seven months before forwarding the registrant's file to the appeal board. In the other case nearly two years elapsed before the appeal board received the file. 32 C.F.R. § 1626.14, in reason and in explicit language, is mandatory. It says that the file shall be forwarded "in no event" more than five days after the appeal period elapses. The reason is apparent. Local boards must hasten the processing of appeals so that higher priority registrants will be properly classified and inducted in turn. These two registrants were improperly processed.

However, none of the other registrants relied upon by Smith was processed in violation of any regulation. The government has met its burden of proof, and Smith's order of call defense must fail. While some delay in such matters as physical examinations and personal appearances is inevitable, no impropriety in the processing of the nondefendant registrants involved here has been established. Improved administrative efficiency is a goal that cannot be achieved by fiat. It is not the function of this court to undertake a full-scale review of administrative procedure, or to establish arbitrary time deadlines. Where the regulations provide such deadlines, they will be enforced. Otherwise, in the absence of intentional delay, discriminatory treatment, or favoritism, the administrative action will be upheld.

In summary, delays in processing one registrant cannot be relied upon by another registrant unless the allegedly prejudiced registrant can show that the delay was in direct violation of a specific regulation calling for local board action in a particular sequence (as with the physical examination regulations) or within a particular time (as with the regulation regarding the record on appeal). In addition, the registrant who refuses induction must convince the finder of fact that the higher priority registrant, if properly processed, would have been fully qualified for induction at the time of his order.

Smith's other contentions on appeal are without merit. His conviction is affirmed.

HAMLIN, Circuit Judge (concurring):

I concur in the affirmance of appellant's conviction.

However, I cannot agree that the court should be placed in the role of a super draft board whose duty is to review and second guess all of the admin-

istrative decisions of the local board involving extensions of time for filing claims, postponements of induction for various reasons, failure to process registrants expeditiously and other similar actions.

The opinion states " * * * the government urges that it has met its burden of proof by establishing that there were no other registrants fully qualified for induction who should have been ordered ahead of Smith."

I would agree with that position absent convincing proof that the board arbitrarily or deliberately acted improperly to delay a registrant's induction with the intention or knowledge that the other registrants would be adversely affected.