**UNITED STATES of America, Plaintiff and Appellee,**

v.

**McLemore JOHNSON, Defendant and Appellant.**

**No. 72-1322.**

United States Court of Appeals, Ninth Circuit.

Aug. 30, 1972.

---

* Honorable Leonard P. Moore, Senior United States Circuit Judge of the Second Circuit, sitting by designation.

Martha Goldin (argued), Allen Saltzman, of Saltzman & Goldin, Hollywood, Cal., for defendant and appellant.

David Fox, Asst. U. S. Atty. (argued), Eric A. Nobles, Leslie E. Osborne, Asst. U. S. Attys., William D. Keller, U. S. Atty., Los Angeles, Cal., for plaintiff and appellee.

Before CHAMBERS, HAMLEY and CHOY, Circuit Judges.

PER CURIAM:

McLemore Johnson was convicted for refusing to report for induction, in violation of 50 U.S.C.App. § 462(a). We affirm his conviction.

On October 6, 1969, Johnson was classified I-A. On March 25, 1970, the board ordered him to report for induction on April 30, 1970. Almost three weeks after his induction notice was mailed, Johnson requested a hardship deferment, based on his mother's financial dependence upon him. His induction was postponed in order to allow the board to review this claim. On June 16, 1970, Johnson's board reviewed his file, but decided against reopening his classification. Specifically, the board concluded that his letter had not established a prima facie claim for a hardship classification.

On July 24, 1970, Johnson's board received a letter from his mother saying that she was mentally and emotionally dependent upon him and that in the past few weeks the threat of his pending induction had led to her physical deterioration. In October, the board acknowledged receipt of this letter and suggested that any additional information or verification be sent to it before its next meeting. No supplementary information was sent. On December 15, the board reviewed Johnson's file, but refused to reopen his classification. Once again, the board felt a prima facie claim had not been presented.

Johnson was informed of his continuing duty to report for induction. However, on the day specified, he failed to report.

■ As for the financial dependency claim, the letter in which Johnson presents this claim does not establish that his mother's financial dependency arose after the induction notice was sent —in fact, it implies the contrary. Therefore, a prima facie claim was not presented. United States v. Hulphers, 421 F.2d 1291 (9th Cir., 1969).

■ As for the emotional dependency claim, the vagueness of his mother's letter plus the failure to submit additional information or verification convinces us that a prima facie claim was not established.

Since in both instances a prima facie claim was not established, the board did not err by refusing to reopen Johnson's classification.

Affirmed.