**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Stephen Michael BRUDNEY, Plaintiff-Defendant-Appellant.**

No. 71–2637.

United States Court of Appeals, Ninth Circuit.

June 15, 1972.

Certiorari Denied Oct. 16, 1972. See 93 S.Ct. 246.

Timothy H. Power (argued), San Francisco, Cal., for plaintiff-appellant.

John F. Cooney, Jr. (argued) F. Steele Langford, Asst. U. S. Attys., James L. Browning, Jr., U. S. Atty., San Francisco, Cal., for defendant-appellee.

Before CHAMBERS and WRIGHT, Circuit Judges, and LUCAS, District Judge.*

* Honorable Malcolm M. Lucas, United States District Judge, Central District of California, sitting by designation.

EUGENE A. WRIGHT, Circuit Judge:

Appellant was convicted, after trial to the court, of a violation of 50 U.S.C. App. § 462, for refusal to submit to induction. Sentence was suspended on condition that he perform alternate service of national importance for two years. On this appeal he makes two main contentions: (1) that he was improperly ordered to take a second physical examination and was thereby denied a medical interview, and (2) that he was not called for induction in proper order. We affirm.

Brudney had been classified I-A in March 1968. Upon examination in April he qualified for induction. One year later, in a letter to the local board a psychiatrist expressed the opinion that Brudney was disqualified for psychiatric reasons. The letter, together with other medical records, went to the induction station for re-evaluation.

The papers were considered and returned with a finding of unacceptability and a recommendation that Brudney be re-examined in two months. This was a standard recommendation when a possible temporary medical defect was suspected.

The clerk of the board ordered Brudney to another physical examination three months later. He was given a neuropsychiatric consultation with a specialist and was found fully acceptable for military service. His right to appeal was explained and he was scheduled for a personal appearance before his local board in February 1970.

Appellant argues that the board should have given him a medical interview in light of the opinion of his psychiatrist. Further, he asserts that the board clerk committed prejudicial error by handling his medical record ministerially rather than turning the information over to the local board for its consideration.

■ The district court concluded that Brudney could not raise these issues be-cause he had failed to exhaust his administrative remedies. We agree.

After the board scheduled a personal appearance for him, Brudney wrote to the board:

"I hereby withdraw my request for a personal appearance and for an appeal of my I-A classification; please cancel the appointment you've made for me for Wednesday March 4 at 3:15 p. m.

"I am going to gamble that my draft lottery number 164-25 will not be called. If I *do* receive an induction notice, I shall refuse induction."

After receiving this communication, the board decided not to consider his classification further.

■ If the alleged impropriety by the board is in an area where the correct determination depends upon administrative fact gathering and expertise, failure to exhaust administrative remedies will bar the registrant in a criminal proceeding from raising the board's errors as a defense. McGee v. United States, 402 U.S. 479, 91 S.Ct. 1565, 29 L.Ed.2d 47 (1971); United States ex rel. Taylor v. Fritz, 446 F.2d 36 (8th Cir. 1971); United States v. Quattrucci, 329 F.Supp. 612 (D.Maine 1971). The validity of Brudney's claim to a medical deferment rested upon a factual assessment of his psychiatric condition. His failure to exhaust his remedies prevented the Selective Service System from fully developing the record upon this question of fact.

■ Brudney also argues that his conviction should be reversed because his local board ordered him to report for induction ahead of four registrants with lower random sequence numbers. All four had been classified 1-A, had been found acceptable, and had been mailed a Statement of Acceptability at least 21 days prior to the date set for induction. When Brudney made this showing at his trial, the presumption of administrative regularity stood rebutted and the prosecution had to assume the burden of jus-

tifying by affirmative evidence the by-passing of these four registrants. United States v. Baker, 416 F.2d 202 (9th Cir. 1969).

Brudney appears to believe that the holding in *Baker* automatically produces an acquittal whenever the local board fails to follow strictly the order of call regulation, 32 C.F.R. § 1631.'/, by calling the defendant ahead of higher priority registrants who had been classified I–A, certified acceptable, and sent the requisite notice at least 21 days in advance of the induction date.

This reading of *Baker* ignores its language allowing the government, after the presumption of administrative regularity has been dispelled, to seek to justify the irregularity with affirmative evidence.

■ The problem here is whether the facts adduced by the government suffice to excuse the local board's noncompliance with 32 C.F.R. § 1631.7. The Selective Service files of the four registrants, along with a number of other registrants' files, were outside the local board office because they were being employed to litigate the order of call issue in another draft prosecution. The district court thought this a sufficient reason, and we agree.

The order of call here was not the result of intentional delay, discriminatory treatment, or favoritism. *Cf.* United States v. Smith, 443 F.2d 1278 (9th Cir. 1971). Nor did it violate any specific regulation, other than 32 C.F.R. § 1631.7 itself of course, calling for action within a particular time span or in a particular sequence. Since the delay here was not arbitrary, and especially since a delay of this nature does not give the local board freedom to discriminate against an unpopular registrant or give preferential treatment to a favored one, we hold that the government has met its burden of justifying this variation in the sequence of call.

The conviction is affirmed.

CHAMBERS, Circuit Judge (dissenting):

I am convinced that the order of call claim is good. The Selective Service regulations [32 CFR §§ 1606.31 et seq.] provide a comprehensive scheme of rules governing the production of Selective Service files in court and the use of such files by United States attorneys and other government agents. None of these regulations allows the removal of original files to the United States attorney's office as was done here. There has been no attempt by the government to show compliance with these regulations. Brudney's conviction should be reversed.