**UNITED STATES of America,
Appellee,**

v.

**James Bruce DICKS, Appellant.**

**No. 11705.**

United States Court of Appeals
Fourth Circuit.

Argued Jan. 12, 1968.

Decided March 19, 1968.

---

Victor V. Blackwell, Covington, La., for appellant.

John Marshall, III, Asst. U. S. Atty. (John H. Kamlowsky, U. S. Atty., and George R. Triplett, Asst. U. S. Atty., on brief), for appellee.

Before SOBELOFF and BUTZNER, Circuit Judges, and MERHIGE, District Judge.

MERHIGE, District Judge.

This defendant, classified 1-O (Conscientious Objector), having wilfully refused to report to his local draft board for purposes of receiving instructions to proceed to and perform civilian work of national importance, and who was sentenced to confinement for a period of four years, raises numerous issues, all of which are basically a contention that he was denied due process of law. This Court rejects each and every point raised by the defendant in this appeal.

This 23 year old man, claiming exemption from both combatant and non-combatant training and service in the armed forces by reason of his religious training and belief, did in February 1965, for the first time, and at a time when he was unemployed, submit to his local draft board information listing his mother as dependent upon him for support. Accompanying this claim by the registrant was a written claim by his mother to the effect that she was physically incapable of working more than a day or two a month. The local board having considered the information submitted, reclassified the defendant 1-O, from which he took no appeal.

Prior to August 16, 1965, the defendant had addressed a letter to his local draft board asking to have his case transferred to a board in Louisiana where he was then temporarily working. Subsequent to receipt of this request by his board, he was mailed a notice to report for a physical examination on September 1, 1965. This notice contained a statement to the effect that if a registrant is so far from his local board that to report as ordered would result in a hardship, the registrant could, by making a written request, ask for a transfer to the nearest local board to where he was then living for the purpose of taking the physical examination.[1] The defendant failed to avail himself of this opportunity, and

<hr />

1. Selective Service Form. No. 223. Provides under the section entitled "Important Notice" that, "If you are so far from your own Local Board that reporting in compliance with this Order will be a hardship and you desire to report to

failed to report for the physical examination as required.

In February 1966 he was ordered to report for civilian work, but this order was postponed in order to permit him to submit additional information concerning the dependency claim. The board considered the alleged new information, which consisted of a letter from his mother reiterating, in effect, the statements which she had already submitted, and a medical report from her doctor which, although using medical terms, in effect stated that she suffered from a chronic case of bunions. No other information not previously available in Dicks' file was submitted, nor did the doctor's report make any mention of her alleged inability to support herself. The board declined to re-open.

The board ordered him to report for civilian work on April 11, 1966, which he failed and refused to do, giving rise to the conviction from which he now appeals.

I.

THE DEFENDANT CLAIMS VIOLATION OF DUE PROCESS OF LAW, PROCEDURALLY AND SUBSTANTIVELY, UNDER THE FIFTH AMENDMENT TO THE UNITED STATES CONSTITUTION, BY REASON OF HAVING BEEN ORDERED TO REPORT FOR CIVILIAN WORK WITHOUT HAVING BEEN GIVEN AN ARMED FORCES PHYSICAL EXAMINATION.

A simple and concise answer to this argument lies in the Selective Service Regulations which specify that a registrant in Class 1-O who has failed to report for or to submit to an armed forces physical examination shall, within a certain length of time, submit to the local board certain types of civilian work contributing to the maintenance of national health, safety or interest, which he is qualified to do, and which he offers to perform in lieu of induction into the armed forces. 32 C.F.R. 1628.10.

the Local Board in the area in which you are now located, take this Order and go immediately to that Local Board and

This defendant having admittedly failed to follow the specific provisions of the regulations for transfer of his case, even after having been informed as to the steps to be taken if he desired for his own inconvenience to have his armed forces physical examination transferred to Louisiana, now complains that he has been denied due process of law by reason of his not having been given a physical examination. The defendant's argument is untenable. Even after having failed to report for a physical, and never having made any complaint by reason of his not having had his physical examination site transferred to Louisiana, his local board gave consideration, as aforementioned in the statement of facts, to changing his classification by reason of the claimed dependency of his mother.

Under Selective Service Regulations, 32 C.F.R. 1660.20, a registrant in Class 1-O who has been found qualified for service in the armed forces after his armed forces physical examination, or when such a registrant has failed to report for or submit to an armed forces physical examination, shall within ten days after a statement of acceptability has been mailed to him by the local board, or within ten days after he has failed to report for or submit to an armed forces physical examination, submit to the local board three types of civilian work contributing to the maintenance of the national health, safety or interest as defined in another section of the regulations, which he is qualified to do and which he offers to perform in lieu of induction into the armed forces.

Additional pertinent parts of section 1660.20 provide for a procedure whereby if the registrant and the board are unable to agree upon a type of civilian work to be performed in lieu of induction, the local board with the approval of the Director of Selective Service shall order the registrant to report for civilian work contributing to the national health, safety or interest.

make written request for transfer for examination."

Section 1628.10 is the pertinent section which provides that every registrant before he is ordered to report either for induction or civilian work contributing to the maintenance of the national health, safety or interest, shall be given an armed forces physical examination, except that a registrant who is a delinquent may be ordered to report for induction without being given an armed forces physical examination.

This defendant having failed to comply with the Selective Service Regulations in that he did not report at the specified time for his physical examination and, as a matter of fact, did not even bother to write or explain to the local board his failure, the board was justified and indeed duty bound to comply with § 1660.20 of the Regulations, the pertinent parts of which are contained in the preceding paragraphs of this opinion.

This defendant's local board, in spite of his delinquency, and even after he was ordered to report for civilian work, considered alleged additional information concerning his dependency claim.

It is interesting to note that during the trial the defendant asserted that he had verbally requested the local board in Louisiana to handle his transfer, which they allegedly refused to do, although the record is devoid of a single instance in which he reported this alleged denial of transfer to his own local board in spite of the fact that on November 15, 1965, he was present at a special meeting at his local board and on February 28, 1966, he was before his local board for a personal interview and made no mention of his alleged denial of assistance. Under those circumstances little weight can be accorded his complaint that he ought not to have been classified a delinquent for failure to appear for his physical examination.

While the local board would not have been bound to present him with an opportunity for a belated physical examination, it is reasonable to assume, particularly in view of the board's having given consideration to changing his classifica-

tion as late as February 1966, that had he apprised the board of his alleged reason for failing to take the physical examination at the time ordered, the board might well have ordered another examination.

■ The local board found, and the trial court affirmed, that this defendant was delinquent, and he cannot now be heard to complain that he was not afforded a physical examination.

## II.

### The Defendant Claims Violation of Due Process of Law By the Board's Refusal to Re-open His Classification Following Submission of Alleged Additional Information Concerning His Dependency Claim.

■ The direct answer to defendant's contention that the failure of the local board to re-open upon submission of new evidence is violative of due process, lies in the fact that he overlooks that portion of Regulation 1625.4 which plainly states that even if new facts are submitted, if the board is of the opinion that such facts, if true, shall not justify a change in the registrant's classification, it shall not re-open said classification.

The answer to defendant's further contention that by failing to re-open the board deprived him of a right of appeal is found in the opinion of Judge Bryan in United States v. Beaver, 309 F.2d 273 (4th Cir.), cert. den. 371 U.S. 951, 83 S.Ct. 505, 9 L.Ed.2d 499 (1963), wherein Judge Bryan stated, "No provision is made in the regulations for an appeal such as here set forth. In this the appellant has no valid grievance." See also, Klubnikin v. United States, 227 F.2d 87 (9th Cir.), cert. den. 350 U.S. 975, 76 S.Ct. 453, 100 L.Ed. 846. The scope of judicial inquiry into the administrative proceedings leading to a defendant's classification is limited. Blalock v. United States, 247 F.2d 615 (4th Cir. 1957); United States v. Jackson, 369 F.2d 936 (4th Cir. 1966). Even if the decision be erroneous, if same is made in conformity with a regulation it is final insofar as the Court is concerned unless

such decision deprives a registrant of due process of law.

■ In the instant case, any problem is alleviated by the fact that the record fully substantiates the board's finding that no evidence was submitted which, if true, would justify a change in the registrant's classification.

### III.

DEFENDANT CLAIMS THAT DENIAL OF COUNSEL IN SELECTIVE SERVICE PROCEEDINGS IS IN VIOLATION OF THE FIFTH AND SIXTH AMENDMENTS TO THE CONSTITUTION.

The obvious answer to this is that the Sixth Amendment[2] refers to criminal prosecution against a person who is accused and who is entitled to be tried by a petit jury. Certainly a classification by a Selective Service Board is far from a criminal trial. The Universal Military Training and Service Act is not penal in character. The penal element enters the case only when the registrant fails to submit to the orders of his local board. As heretofore stated, there has been no violation of the registrant's rights under the Fifth amendment since he was accorded due process of law. Defendant, in effect, agrees that the holdings of the courts on this issue in Selective Service cases have been contra to his position, but suggests that in light of Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799; Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977; Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L. Ed.2d 694; and the Gault Case, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527: "The Courts should take a fresh look at the whole matter."

The defendant suggests that his trial actually took place before the local board, in view of the trial court's limited review of the board's findings.

■ The answer, simply stated, is two-fold. One, the trial court and this court are not limited in their review as to whether or not a registrant has been accorded due process of law. Indeed, that is the prime inquiry of the Court. The record before this Court leads to the irrefutable conclusion, both in law and fact, that this defendant was accorded due process. And two, we do not deal here with proceedings which were criminal in character, as was the situation in the Escobedo and other cases cited. This defendant's liberty was never in danger until his wilful violation of the existing laws. Liberty may not be equated with immunity from reasonable regulations and prohibitions imposed in the interests of the community. See Chicago, B. & Q. R. Co. v. McGuire, 219 U.S. 549, 567, 31 S.Ct. 259, 55 L.Ed. 328. In addition, it is well settled that there is no Constitutional right to counsel in administrative proceedings under the Selective Service Act. See Capson v. United States, 376 F.2d 814, at 815 (10th Cir. 1967). See also, Storey v. United States, 370 F.2d 255 (9th Cir. 1966).

### IV.

DEFENDANT CONTENDS THAT THE GOVERNMENT FAILED TO ESTABLISH HIS GUILT BEYOND A REASONABLE DOUBT.

■ The record shows, beyond a reasonable doubt, that this defendant by virtue of his religious beliefs, never intended to abide by any order of the board concerning the acceptance of civilian work or military service. This is borne out by his letter in reply to the local board's letter to him of March 22, 1966, wherein the defendant wrote, "I have stated before to the board that I would not accept civilian work nor military service, because this would be going against my faith and belief in the bible."

Indeed, every act of the board leading to this man's order to report for civilian work was, as a practical matter, an act of futility. The record shows that had he been classified 1-A, he would have been ordered to report for induction long be-

---

**2.** United States Constitution, Amendment Six, provides "In all criminal prosecutions the accused shall * * * have the Assistance of Counsel for his defense."

fore he was ordered to report for civilian work. It is to the credit of our system that this man was accorded every right under the law. His argument that the Government failed to establish his guilt beyond a reasonable doubt is fallacious.

The judgment of the District Court will be affirmed.

Affirmed.