**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Bert Daniel STARK, Defendant-Appellant.**

**No. 22994.**

United States Court of Appeals Ninth Circuit.

Nov. 28, 1969.

Certiorari Denied March 2, 1970. See 90 S.Ct. 1009.

Ralph J. Steinberg (argued), of Berns & Steinberg, San Jose, Cal., for defendant-appellant.

Michael J. Lightfoot (argued), Robert L. Brosio, Eric Nobles, Asst. U. S. Attys., Wm. Matthew Byrne, Jr., U. S. Atty., Los Angeles, Cal., for plaintiff-appellee.

Before CHAMBERS, BARNES, HAMLEY, MERRILL, KOELSCH, BROWNING, DUNIWAY, ELY, CARTER, HUFSTEDLER, WRIGHT, KILKENNY and TRASK, Circuit Judges.

MERRILL, Circuit Judge.

Appellant, classified I-O by his local draft board, stands convicted of failure to report for civilian work in lieu of induction into the military service. Upon appeal he asserts that no order to report was ever made by the board; that the only order issued was one by the clerk of the board and that the record is silent as to her authority. Appellant relies on Brede v. United States, 396 F.2d 155, 400 F.2d 599 (9th Cir. 1968). The United States suggests that Brede should be re-examined. The court has taken the appeal in banc for that purpose.

In Brede we recited the Government's contention as follows:

"The United States contends that under universal administrative construction of § 1660.20(d), and universal administrative practice, a determination that certain work is appropriate constitutes an implied order to report for such work, subject to authorization of the National Director and notice. Consequently at the meeting of March 14, 1966, an agreement as to work was reached and an implied conditional order to report was entered and the action of the clerk of the board was no more than ministerial implementation of the order."

We then noted:

"The Government's contention may have merit in an appropriate case. Here, however, the record is silent as to administrative construction and practice, or as to any understanding of the board in such respects from which it might be found that the critical exercise of administrative judgment had been made." 400 F.2d at page 600.

The same situation exists in this case. Nevertheless we are of the view, and so hold, that where, as here (and in Brede), the board's determination includes not only the type of employment deemed appropriate but also the employer to whom the registrant is to report, the critical exercise of administrative judgment by the board has been made and an order to report to the specified employer (subject to authorization of the National Director) is implicit and the action of the clerk in issuing the order is merely ministerial implementation. To this extent Brede is hereby overruled.

Accordingly we find no error in the ruling of the District Court (prior to our holding in Brede) to this effect.

Other assignments of error we find to be without merit. The nature of appellant's representation by counsel at the time of trial was not such as to constitute inadequate representation. We find no prejudicial misconduct on the

part of the district judge. Appellant knowingly failed to report for the assigned work and the requisite criminal intent was thus present. Smith v. United States, 391 F.2d 543 (8th Cir. 1968). Failure to give full warnings as to appellant's constitutional rights and privileges at the meeting called for the purpose of determining appropriate employment was not contrary to Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, 10 A.L.R.3d 974 (1966). Appellant was not then in custody; no crime had yet been committed. United States v. Dicks, 392 F.2d 524 (4th Cir. 1968); Noland v. United States, 380 F.2d 1016 (10th Cir. 1967).

Judgment affirmed.