UNITED STATES of America,
Plaintiff and Appellee,

v.

Ronald H. GARRISON, Appellant.

No. 26551.

United States Court of Appeals,
Ninth Circuit.

Jan. 7, 1971.

John F. Zimmermann (argued), of Fong, Miho, Choy & Robinson, Honolulu, Hawaii, for appellant.

Harold M. Fong (argued), Asst. U. S. Atty., Robert K. Fukuda, U. S. Atty., Honolulu, Hawaii, for appellee.

Before CHAMBERS, MERRILL and KILKENNY, Circuit Judges.

PER CURIAM:

The judgment of conviction is affirmed.

We reject the contention under the Sixth Amendment: Confrontation. Commendably able counsel cites Dutton v. Evans, 400 U.S. 74, 91 S.Ct. 210, 27 L.Ed.2d 213. On the facts here, in our view it cuts against him. Also, we agree with the trial court that the statement of the absent witness was a verbal act.

On the point as to "why the defendant was arrested," on which the defendant was not permitted to vindicate himself, we find the court's ruling was within its sound discretion.

UNITED STATES of America,
Plaintiff and Appellee,

v.

David Russell ROBINSON, Appellant.

No. 25841.

United States Court of Appeals,
Ninth Circuit.

Jan. 7, 1971.

Clark A. Barrett (argued), San Mateo, Cal., for appellant.

J. Kent Steele (argued), Asst. U. S. Atty., Robert L. Meyer, U. S. Atty., David R. Nissen, Chief, Crim. Div., Los Angeles, Cal., for appellee.

Before CHAMBERS, MERRILL and KILKENNY, Circuit Judges.

PER CURIAM:

The judgment of conviction is affirmed. Differences from United States v. Stark, 9 Cir., 418 F.2d 901, are not consequential.

Also, we find Chernekoff v. United States, 9 Cir., 219 F.2d 721, relied upon by appellant, to be of no help. In Chernekoff (our requirement on induction that the inductee be ordered to step forward) the service had violated its own definite regulation.

Here Robinson himself deprived the hospital of an opportunity to direct him to do any certain work.