**UNITED STATES of America, Plaintiff-Appellee,**

**v.**

**Warren Gerald HARDING, Defendant-Appellant.**

**No. 71–2486.**

United States Court of Appeals, Ninth Circuit.

April 7, 1972.

John F. Moulds, III (argued), of Blackmon, Isenberg, Moulds & Blicker, Sacramento, Cal., for defendant-appellant.

Chester Moore, III, (argued), Joseph E. Reeves, F. Steele Langford, Asst. U. S. Attys., James L. Browning, Jr., U. S. Atty., San Francisco, Cal., for plaintiff-appellee.

Before DUNIWAY, HUFSTEDLER and KILKENNY, Circuit Judges.

DUNIWAY, Circuit Judge:

Harding was convicted of violating 50 U.S.C. App. § 462 by refusing to be inducted into the Armed Forces as ordered. We reverse.

Harding's local board classified him I–A on June 20, 1968. He wrote to the board on June 29, stating that he was a full-time undergraduate college student, and again on July 6, requesting a IV–D classification as a minister in the Universal Life Church. The board refused to reopen his file and reconsider his I–A status. On July 23, 1968, three days after expiration of the 30-day period allowed by 32 C.F.R. § 1626.2(c) for appeal from his I–A classification, Harding sent his local board a letter stating: "I appeal your decision and continue my petition for IV–D classification." The Executive Secretary of the board, without consulting the board, responded to appellant on July 25, 1968:

"Your letter of appeal, dated July 23, 1968, postmarked July 23, 1968, and received July 25, 1968, was not submitted within your appeal period provided by law. You have now been reached in the line of call for induction. Your order is enclosed."

Selective Service Regulations, 32 C.F. R. § 1626.2(d), provide in pertinent part:

"At any time prior to the date the local board mails to the registrant an Order to Report for Induction (SSS Form 252), the local board may permit [the registrant or his authorized agent] to appeal even though the period for taking an appeal had elapsed, if it is satisfied that the failure of such person to appeal within such period was due to a lack of understanding of the right to appeal or to some cause beyond the control of such person."

Harding's letter of July 23 was a late appeal, and § 1626.2(d) was applicable. That regulation vests discretion to allow late-filed appeals in the local board, not in the Executive Secretary nor in the courts. The Executive Secretary by her letter of July 25 foreclosed the local board's option to permit the appeal under the regulation. That unauthorized action deprived Harding of his right under § 1626.2(d) to have the local board exercise its discretion. Under such circumstances, Harding was prejudiced because the local board might have decided to allow his appeal.

The government's reliance on United States v. Stark, 9 Cir., 1970, 418 F.2d 901, is misplaced. There, "the critical exercise of administrative judgment by the board [had] been made" and the clerk's action in issuing the order was "merely ministerial implementation" of the board's decision. 418 F.2d at 902. Here, the local board never exercised its discretion and thus the clerk's action in denying the registrant's appeal and issuing his order to report for induction was not "merely ministerial implementation."

We need not consider Harding's other claims of error.

Reversed.

KILKENNY, Circuit Judge (dissenting):

Appellant's letter[1] of July 23, 1968, was an attempted appeal from the

---

1. ". . . I have just received your letter of July 19, 1968 informing me that you have reviewed my selective service status and have found what you consider to be 'insufficient reasons to warrant reopening' of my present classification. This I assume is your answer to my petition for IV-D classification.

Gentlemen, as I informed you before; I am a minister of the Universal Life Church. Since I am a minister of religion, I belong in the IV-D classification. I appeal your decision and continue my petition for IV-D classification. Please remember that the law applys [sic] to you as well as/everyone else.

Since you sent to me no explanation or reasoning for your decision, please inform me of the following:

1. The date and time of the meeting when this decision was made.
2. The final vote of the decision.
3. How and where I can either acquire a copy of the minutes of this meeting or gain access to these minutes.
4. The names of the board members who participated in this decision.

Also, would you please explain to me why my request for transfer of local draft board has not been replied to. I would like an answer to this request. It seems ironic to call you my 'local draft board'

board's refusal to reopen his classification, rather than an appeal from the I-A classification of June 20th. Appellant was first classified I-A on August 19, 1963. Again, on November 21, 1966, December 30, 1966, and October 23, 1967, he was classified I-A and then granted student deferments, the last deferment on February 26, 1968. The record demonstrates beyond all doubt that appellant is intelligent and articulate. In these circumstances, we should not read into the letter something which is not there. Of course, we have no power to entertain an attempted appeal from the order refusing to reopen. United States v. Norman, 412 F.2d 629, 631 (9th Cir. 1969), Petrie v. United States, 407 F.2d 267, 275 (9th Cir. 1969) (In Banc). The secretary had no more authority to treat the letter as an appeal, than she had to otherwise exercise discretion on behalf of the board.

Even assuming that appellant's letter should be treated as a late appeal, the conviction should not be reversed. I find nothing in the record which supports the majority's conclusion that the local board might exercise its discretion and find that appellant's failure to appeal within the time fixed by the regulation was ". . . due to a lack of understanding of the right of appeal or to some cause beyond the control of . . ." the appellant. Such being the case, appellant was not prejudiced by the action of the secretary in failing to call the letter to the board's attention. Obviously, the board was "fed up" with appellant's conduct. For that matter, the

findings of the trial judge [2] rather clearly indicate that the local board would probably exercise its discretion against allowing the late appeal. There is no reason to believe that the members of the local board did not have a similar view of appellant's tactics.

Appellant's speedy trial Sixth Amendment argument is answered by United States v. Marion, 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971).

I find and conclude that there is no merit in the other contentions raised by appellant and would affirm the judgment of the lower court.

when you are over 750 miles from my residence.

Gentlemen, I want fair and legal treatment from you. I have written letters explaining my situation and your actions to the Honorable Senators Mark Hatfield and Wayne Morse and to Governor Tom McCall of Oregon. . . ."

2. "Defendant contends that on June 30, 1968, he wrote and mailed a letter to the board appealing his 1-A classification and that the board wrongfully discarded this letter and failed to include it in his file and to act upon it. There is no indication

in the minutes of the board that such a letter was ever received. At trial the defendant produced what he claimed to be a copy of the June 30th letter. In addition, he produced what he claimed to be carbon copies of the June 29th and July 6th letters. The purported copies are not true copies of the originals received by the board. I do not believe the testimony of the defendant wherein he attempted to explain the discrepancies. I find that the defendant deliberately fabricated the carbon copies; that no letter of June 30th ever existed and that no such letter was ever mailed to the local board."