**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Danny TREJO, Defendant-Appellant.**

**No. 72-1284.**

United States Court of Appeals,
Ninth Circuit.

Oct. 27, 1972.

Clark Barrett (argued), San Mateo, Cal., for defendant-appellant.

Chester G. Moore, III, Asst. U. S. Atty. (argued), James L. Browning, Jr., U. S. Atty., San Francisco, Cal., for plaintiff-appellee.

Before CHAMBERS and BROWNING, Circuit Judges, and SHARP, District Judge.*

PER CURIAM:

Appellant was convicted of failure to report for civilian work required of conscientious objectors in lieu of induction. 50 U.S.C. App. § 462. We reverse.

Appellant sought a IV–D ministerial classification. He was classified I–O. He filed a late request for an appeal, explaining in some detail that his father's work had required the family to make a number of unexpected changes in residence, and that the notice of classification, though forwarded, had been long

* Honorable Morell E. Sharp, United States District Judge for the Western District of Washington, sitting by designation.

delayed in reaching him. To support his statements he attached the envelope that had contained the notice, stamped with the dates upon which it had been forwarded.

Section 1626.2(d) provides that "the local board . . . may permit any person . . . to appeal even though the period for taking an appeal has elapsed. . . ."

The file contains a minute entry by the clerk of the board reading, "Registrant files appeal—not timely." Appellant argues that this reflects a failure of the clerk to submit appellant's request for an appeal to the board. If so, reversal would be required. United States v. Harding, 461 F.2d 993 (9th Cir. 1972).

The government contends, however, that the notation was merely a clerical entry showing the receipt of the request for a late appeal, and that rejection of the request by the board is to be implied from an entry of board action dated some six weeks later.

This entry reads "reviewed—not reopened." In context, it reflects review by the board of an additional information questionnaire and supporting letter submitted by appellant, after his request for an appeal, and a decision by the board that the new information did not justify reopening under 32 C.F.R. § 1625.2. The letter sent to appellant by the board the following day confirms this conclusion. It reads:

> "This will acknowledge receipt of your communication relative to your selective service status. The information contained therein has been considered by this board and it is of the opinion that the facts presented do not warrant the reopening or reclassification of your case at this time."

Neither the words of the entry nor the text of the board's letter informing him of its decision not to reopen offer any support whatsoever for an implication that the board's action included consideration and rejection of appellant's request for a late appeal, filed six weeks earlier. On the contrary, the words of the entry and letter are so clear, definite,

and self-limiting as to strongly suggest that no such action occurred.

Since the only reasonable conclusion that may be drawn from the record as a whole is that appellant's request for a late appeal was not submitted to or acted upon by the local board, reversal is required by United States v. Harding, *supra.*

Reversed.