**Robert James LINGO, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 21630.**

United States Court of Appeals
Ninth Circuit.

Oct. 26, 1967.

Franklin P. Jones, Fresno, Cal., for appellant.

Wm. Matthew Byrne, Jr., U. S. Atty., Robert L. Brosio, David Nissen, Asst. U. S. Attys., Los Angeles, Cal., for appellee.

Before HAMLEY, JERTBERG and ELY, Circuit Judges.

JERTBERG, Circuit Judge:

Following trial to a jury, appellant was convicted of the offense of violating 50 U.S.C. Appendix Section 462 [refusal to be inducted into the Armed Forces]. He was sentenced to the custody of the Attorney General for a period of three years.

On this appeal, appellant specifies as errors:

1. There is no basis in fact for the 1–A classification given to appellant, and therefore the order to report for induction on March 10, 1966, was void and may not serve as a basis for his conviction.

2. The final 1–A classification is the result of the erroneous application of the "sudden accession of belief" theory to appellant's situation, and therefore the order to report may not serve as a basis for appellant's conviction.

▉ In dealing with appellant's specifications we must bear in mind that our scope of review is limited to the question of whether there is any basis in fact for the classification given to the appellant. Estep v. United States, 327 U.S. 114, 66 S.Ct. 423, 90 L.Ed. 567 (1946). As stated in Witmer v. United States, 348 U.S. 375, at pp. 380–381, 75 S.Ct. 392, at p. 395, 99 L.Ed. 428 (1955):

"It is well to remember that it is not for the courts to sit as super draft boards, substituting their judgments on the weight of the evidence for those of the designated agencies. Nor should they look for substantial evidence to support such determinations. Dickinson v. United States, 346 U.S. 389, 396, [74 S.Ct. 152, 98 L.Ed. 132] (1953). The classification can be overturned only if it has 'no basis in fact.' Estep v. United States, 327 U.S. 114, 122 [66 S.Ct. 423, 90 L.Ed. 567] (1946)."

The ultimate question to be decided in conscientious objector cases is, as stated in Witmer v. United States, supra, at pp. 381–382, 75 S.Ct. at p. 396:

"[I]s the sincerity of the registrant in objecting, on religious grounds, to par-

ticipation in war in any form. In these cases, objective facts are relevant only insofar as they help in determining the sincerity of the registrant in his claimed belief, purely a subjective question. In conscientious objector cases, therefore, any fact which casts doubt on the veracity of the registrant is relevant. * * * In short, the nature of a registrant's prima facie case determines the type of evidence needed to rebut his claim. If the issue is the nature of his activities, as in *Dickinson*, the evidence providing 'basis in fact' must tend to show that his activities are other than as stated. If, as here, the issue is the registrant's sincerity and good faith belief, then there must be some inference of insincerity or bad faith."

The record reveals that on December 28, 1959, appellant registered with his Local Draft Board.

On November 2, 1962, he filed his Classification Questionnaire in which he stated: "I am a student preparing for the ministry pursuing a full-time course of instruction at the Kingdom Hall of Jehovah's Witnesses, under the direction of Jehovah's Witnesses", and claimed "by reason of religious training and belief I am conscientiously opposed to participation in war in any form", and requested a special form for conscientious objectors.

On November 8, 1962, he filed with the Board completed form for conscientious objectors in which he claimed to be conscientiously opposed to both combatant and non-combatant training by reason of religious training and belief. He stated that "From childhood I was taken by my parents to the Kingdom Hall of Jehovah's Witnesses. There I learned Bible principles that formed the basis for my belief." With respect to the official position of Jehovah's Witnesses concerning participation in war, he stated: "One's participation or non-participation in war is left for the individual member to decide."

On December 13, 1962, he made a personal appearance before the Board. At that meeting he stated: "I am right now in training for the ministry", and this involved about four hours on weekends participating in his church work, consisting of about one hour in a study group on Sunday night, and the remainder in door-to-door preaching. He further stated that he had not been active in the Witnesses all of his life, and that "I only became active about a year ago." He said that the reason that he was not active was "I just was not interested." He also stated that he objected to going to work in hospitals because he would be under government control.

On the same day appellant was classified 1–A by the Local Board. Appellant appealed the 1–A classification on December 19, 1962.

On January 24, 1963, the Appeals Board tentatively determined that appellant should not be classified in Class 1–O, or in a lower class, and referred the matter to the Department of Justice for the purpose of securing an advisory recommendation. The matter was referred to a Hearing Officer before whom appellant appeared. He informed the Hearing Officer that he was baptized a Jehovah's Witness on May 3, 1963. The Hearing Officer noted that appellant was inactive in congregational work prior to his 1–A classification by the Local Board, and that he did not begin any intensive study of the Bible prior to January, 1963. The Hearing Officer found appellant to be not sincere either in his beliefs or his intention. The Justice Department recommended that the 1–O and the 1–A–O claims of the appellant not be sustained.

On September 16, 1965, the Appeals Board classified appellant 1–A. The Local Board thereafter received a letter from appellant in which it was requested that the case be presented to the President. Pursuant to the request, the Director of Selective Service, on December 8, 1965, made the appeal. On January 21, 1966, the President's Appeal Board unan-

imously established the same 1–A classification.

Applying the guidelines enunciated in *Witmer* to the record before us, we must conclude that there was basis in fact for the Board's determination in classifying appellant as 1–A. Inferences of insincerity in claiming conscientious objection to participation in war could properly be drawn from the frailty of his claim for ministerial student deferment, from his conflicting statements as to the time when his religious beliefs were formed, from his inconsistent statements regarding the extent of his involvement in church activities, and from the fact that he greatly accelerated his church activity following his 1–A classification by the Local Board. In addition it should be borne in mind that appellant made personal appearances before the Local Board and the Hearing Officer, both of whom found appellant to be insincere in his beliefs.

Appellant complains that the Local Board, at the time of the personal hearing, did not inquire of appellant as to the sincerity of his conscientious objection to war. The record reveals that appellant was given full opportunity to express his views on that or any other subject, but elected not to do so. The burden of proof was upon the appellant to establish his right to the conscientious objector classification, and he is in no position to complain of the Board's failure to ask questions. See Tyrrell v. United States, 200 F.2d 8 (9th Cir. 1952), cert. denied 345 U.S. 910, 73 S.Ct. 646, 97 L.Ed. 1346 (1953).

We find no merit in appellant's second specification. Appellant's increased activity in church work following his 1–A classification was a factor which could be considered together with other factors appearing in the record in determining appellant's sincerity.

The judgment of conviction is affirmed.