Victor Langston **LANGHORNE,**
**Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 21910.**

United States Court of Appeals
Ninth Circuit.

April 29, 1968.

J. B. Tietz (argued), Michael Hannon, Los Angeles, Cal., for appellant.

Anthony M. Glassman (argued), Asst. U. S. Atty., Robert L. Brosio, Asst. U. S. Atty., Chief, Criminal Division, William M. Byrne, Jr., U. S. Atty., Los Angeles, Cal., for appellee.

Before CHAMBERS and HAMLEY, Circuit Judges, and SMITH, District Judge.*

PER CURIAM:

This is a selective service case. Appellant, claiming to be a conscientious objector (Class 1-O) and also claiming a ministerial exemption (Class IV-D), was classified as a conscientious objector and ordered to report for civilian employment contributing to the maintenance of the national health, safety and interest.[1] He refused and was subsequently indicted, tried and convicted of a violation of 50 U.S.C. App. § 462(a). He appeals on the ground that his claim for exemption as a minister was improperly denied and that the work to which he was assigned was inappropriate.

The board acted within its power[2] in determining that appellant was not a "regular or duly ordained minister of religion" within the meaning of 50 U.S.C. App. § 466(g) (3). Appellant held a full time job as a service station attendant. On the record it is difficult to find that appellant devoted more than ten hours a week to ministerial work. Appellant's position on the facts is much weaker than the position of the registrant in Badger v. United States, 322 F.2d 902 (9 Cir. 1963), cert. den. 376 U.S. 914, 84 S.Ct. 669, 11 L.Ed.2d 610 (1964), reh. den. 376 U.S. 973, 84 S.Ct. 1134, 12 L.Ed.2d 88 (1964). In the *Badger* case this court refused to overturn the board's denial of a ministerial exemption.

Section 456(j) of Title 50 App. U.S.C. provides that a person classified as a conscientious objector may be "ordered * * * to perform * * * such civilian work * * * as the local board may deem appropriate * * *." Appellant, after taking the position throughout the administrative hearing and at the trial that he was not going to perform any work in lieu of military service, now argues that the work to which he was assigned was not appropriate. If we assume that the word "appropriate" means appropriate to the particular registrant, and if we make the violent assumption that the objections now made are otherwise valid, they come too late. The regulations give the registrant an opportunity to participate in the selection of an appropriate assignment. Appellant, given all of the opportunities provided by the regulations, neither suggested an appropriate assignment nor made specific objections to assignments suggested by the selective service personnel.[3] We hold that a registrant may

---

* The Honorable Russell E. Smith, District Judge, District of Montana, sitting by designation.

1. 50 U.S.C.App. § 456(j).

2. As to the power of the board and the scope of review, see Parrott v. United States, 370 F.2d 388 (9 Cir. 1966), cert. den. Lawrence v. United States, 387 U.S. 908, 87 S.Ct. 1690, 18 L.Ed.2d 625 (1967) and Lingo v. United States, 384 F.2d 724 (9 Cir. 1967).

3. If appellant's statement to the board, that the work offered would interfere with his religious activities in attending meetings and being on call at all hours of the day or night to do missionary work, is treated as modification of his blunt refusal to do any work the result is the same. The law does protect his conscience but it does not guarantee him a right to attend specific religious services. The right to be on call for missionary work fell with the denial of the ministerial exemption.

not overturn the action of the board ordering him to work on any ground not disclosed to the board. A registrant may not, as did appellant, refuse any work and then later conjure up objections to the work assigned.

The judgment is affirmed.