**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Louis Edward BURGUENO, Defendant-Appellant.**

**No. 24614.**

United States Court of Appeals, Ninth Circuit.

March 24, 1970.

Certiorari Denied June 15, 1970. See 90 S.Ct. 2174.

J. B. Tietz (argued), Los Angeles, Cal., for appellant.

Edward J. Wallin (argued), Asst. U. S. Atty., Wm. Matthew Byrne, U. S. Atty., Los Angeles, Cal., for appellee.

Before MERRILL, ELY and TRASK, Circuit Judges.

PER CURIAM:

Appellant, classified 1–O, failed to report for civilian work in lieu of induction, for which he was convicted under 50 U.S.C.App. § 462.

We find nothing whatsoever wrong with the local board's refusal to accept appellant's adamant insistence upon continuing employment with Douglas Aircraft, nor its choice of the Los Angeles County Department of Charities, nor with its receiving guidance through the State Director's list of approved jobs. Burton v. United States, 402 F.2d 536 (9th Cir. 1968), *cert. denied*, 393 U.S. 1089, 89 S.Ct. 877, 21 L.Ed.2d 783 (1969); Mang v. United States, 339 F.2d 369 (9th Cir. 1964).

Since appellant was not undergoing induction he was not entitled to the army's final physical inspection. See Briggs v. United States, 397 F.2d 370, 373, n. 3 (9th Cir. 1968).

Appellant did not make out a prima facie case for a ministerial classification. Daniels v. United States, 404 F.2d 1049 (9th Cir. 1968); Langhorne v. United States, 394 F.2d 129 (9th Cir. 1968). He had a full-time job with Douglas Aircraft and spent about fourteen hours a week on religious work for Jehovah's Witnesses.

Any lack of notice of earlier classifications was without prejudice since appellant was properly notified of his final classification.

Judgment affirmed.