**UNITED STATES of America,**
Appellee,

v.

**Wayne Lee CAMPBELL, Appellant.**

**No. 25418.**

United States Court of Appeals,
Ninth Circuit.

March 2, 1971.

David M. Rothman, Los Angeles, Cal., for appellant.

David Fox (argued), Asst. U. S. Atty., Robert L. Meyer, U. S. Atty., David R. Nissen, Chief Crim. Div., Michael Heuer, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before BROWNING, ELY, HUF-STEDLER, Circuit Judges.

ELY, Circuit Judge:

Campbell was convicted for having violated the Military Selective Service Act of 1967, 50 U.S.C.App. § 462, in that he failed to report, as ordered, for civilian employment in lieu of induction into the armed forces. A Jehovah's Witness, Campbell argues that such order to report was invalid, and that, in any event, to order a Jehovah's Witness to perform civilian employment in lieu of induction infringes the Witness' First Amendment rights. We affirm.

Campbell's principal contention is that his claim for a IV–D (ministerial) exemption was denied without a basis in fact for such denial. He was dedicated as a Jehovah's Witness in December, 1965, and in 1967, when he was classified by his local board, he was devoting approximately forty hours per month to bible study, personal study, and preparation for meetings. He also spent about ten hours a month in preaching and teaching from door to door. At that time, however, he was occupied with a full-time, forty hour a week, secular job. He admitted to his local board that he did not consider himself to be a "full-time" minister, although he expressed his desire to study and become one.

 In order to qualify for a ministerial exemption, one must be either a "[r]egular" or a "duly ordained" minister of religion. 50 U.S.C.App. § 456 (g). A "duly ordained minister of religion" is defined as

"a person who has been ordained, in accordance with the ceremonial, ritual, or discipline of a church, religious sect, or organization established on the basis of a community of faith and belief, doctrines and practices of a religious character, to preach and to teach the doctrines of such church, sect, or organization and to administer the rites and ceremonies thereof in public worship, and who *as his regular and customary vocation* preaches and teaches the principles of religion and administers the ordinances of public worship as embodied in the creed or principles of such church, sect, or organization."

50 U.S.C.App. § 466(g) (1) (emphasis added). A "regular minister of religion" is "one who *as his customary vocation* preaches and teaches the principles of religion of a church, a religious sect, or organization of which he is a member, without having been formally ordained as a minister of religion, and who is recognized by such church, sect, or organization as a regular minister." 50 U.S.C.App. § 466(g) (2) (emphasis added).

Thus, in order to meet either of these standards, Campbell had to carry the burden of showing that his ministerial duties were not part-time, but comprised his "regular and customary vocation" or his "customary vocation."

"Preaching and teaching the principles of one's sect, if performed part-time or half-time, occasionally or irregularly, are insufficient to bring a registrant under [50 U.S.C.App. § 456(g)]. These activities must be

regularly performed. They must, as the statute reads, comprise the registrant's 'vocation.' And since the ministerial exemption is a matter of legislative grace, the selective service registrant bears the burden of clearly establishing a right to the exemption." Dickinson v. United States, 346 U.S. 389, 395, 74 S.Ct. 152, 157, 98 L.Ed. 132 (1953).

 Based upon Campbell's own estimate of the relative amounts of time spent by him in secular and religious activities, there was a clear basis in fact for the denial of a ministerial exemption. As previously recited, he devoted only twelve or thirteen hours per week to his ministerial work and forty hours per week to his full-time secular employment. On almost exactly such a record, our court has previously found a clear basis in fact for the denial of a ministerial exemption. Langhorne v. United States, 394 F.2d 129 (9th Cir. 1968). See Daniels v. United States, 404 F.2d 1049 (9th Cir. 1968); Badger v. United States, 322 F.2d 902 (9th Cir. 1963), cert. denied, 376 U.S. 914, 84 S.Ct. 669, 11 L.Ed.2d 610 (1964); United States v. Tettenburn, 186 F.Supp. 203 (D.Md. 1960). See also United States v. Burgueno, 423 F.2d 599 (9th Cir. 1970), wherein a Jehovah's Witness who spent over sixty hours per month on religious work was held not to have made out a prima facie case for a ministerial exemption.

Campbell also argues that his local board erroneously failed to include a statement of the reasons for its denial of the claimed exemption in the Selective Service file. He cites United States v. Haughton, 413 F.2d 736 (9th Cir. 1969), but his reliance on the opinion in that case is misplaced. In order to avail himself of *Haughton*, a registrant must have least made a prima facie case for the exemption sought, and Campbell made no such showing.

Campbell's final contention is that a Jehovah's Witness may not constitutionally be compelled to submit to civilian work in lieu of induction because an order to do so infringes upon First Amendment rights without such a compelling governmental interest as to justify the infringement. The answer is that a compelling interest is clearly seen in the congressional need to preserve discipline and morale in the armed forces. *Cf.* Howze v. United States, 272 F.2d 146 (9th Cir. 1959).

Affirmed.