**UNITED STATES of America,**
**Appellee,**

v.

**James Kendall WILKINSON, Appellant.**

**No. 25351.**

United States Court of Appeals,
Ninth Circuit.

May 11, 1971.

Rehearing Denied May 28, 1971.

J. B. Tietz (argued), Los Angeles, Cal., for appellant.

Tom Kontos (argued), Asst. U. S. Atty., Robert L. Meyer, U. S. Atty., Robert L. Brosio, Chief, Crim. Div., Los Angeles, Cal., for appellee.

Before HAMLEY and MERRILL, Circuit Judges, and THOMPSON, District Judge.*

PER CURIAM:

James Kendall Wilkinson appeals from his conviction for refusal to submit to induction into the Armed Forces in violation of 50 U.S.C. App. § 462.

Defendant's argument concerning his claim of conscientious objector status is foreclosed by Ehlert v. United States, 402 U.S. 99, 91 S.Ct. 1319, 28 L.Ed.2d 625 (1971).

Defendant advances several other grounds for reversal, one being that the denial of his request for a II–S classification was without basis in fact, arbitrary, and contrary to law.

■ On April 18, 1967, the local board ordered defendant to report for induction on May 24, 1967. The reporting date was thereafter continued from time to time and the final reporting date was fixed as March 4, 1969. Defendant did not apply for a student deferment until October 18, 1968, which was long after issuance of the original induction order. The application did not reflect a change in status resulting from circumstances over which the registrant had no control, and therefore, under 32 C.F.R. § 1625.2, the local board was not required to grant the request for a reopening of defendant's classification.

■ Defendant contends that because of the state of his health on his scheduled day of induction, the applicable regulations required his rejection. The reference here is to AR. 40–501, C. 24, Sec. XI, Heart and Vascular System. Subsection 2–19(b) thereof defines "Hypertension" as follows:

"b. *Hypertension* evidenced by preponderant blood pressure readings of 150-mm or more systolic in an individual over 35 years of age or preponderant readings of 140-mm or more systolic in an individual 35 years of age or less. Preponderant diastolic pressure over 90-mm diastolic is cause for rejection at any age."

The record of defendant's initial physical examination on his induction date showed his blood pressure to read 172 over 96 at 9:30 in the morning. However, he was then rested for about thirty minutes and a new reading, then taken, showed 134 over 80, which is within acceptable limits. At his trial defendant testified that the personnel at the induction station knew that he was going to refuse induction. Defendant urges us to infer from this that the personnel at the induction station for this reason deliberately refused to reject defendant because of his health. The trial court apparently declined to draw such an inference, and so do we.

Finally, defendant argues that the Government failed to prove that defendant's failure to submit to induction was wilful.

■ While the Government was required to prove that the defendant's failure to submit to induction was wilful and knowing, this may be inferred from his actions at the induction center. *See* Harris v. United States, 412 F.2d 384, 388 (9th Cir. 1969). Defendant, after being found fully qualified for induction on March 4, 1969, refused to step forward when his name was called for induction. He persisted in this refusal after being informed of the consequences of such refusal. Wilfullness was thus adequately established.

Affirmed.

---

* The Honorable Bruce R. Thompson, United States District Judge for the District of Nevada, sitting by designation.