**UNITED STATES of America,**
**Appellee,**

v.

**Jack Joseph PRYOR, Appellant.**

**No. 71–1002.**

United States Court of Appeals,
Ninth Circuit.

Aug. 23, 1971.

Leslie A. Kast, West Covina, Cal., for appellant.

Robert L. Meyer, U. S. Atty., David R. Nissen, Chief, Crim. Div., Paul G. Flynn, Asst U. S. Atty., Los Angeles, Cal., for appellee.

Before HAMLEY, ELY and HUF-STEDLER, Circuit Judges.

PER CURIAM:

Jack Joseph Pryor appeals his conviction of failing to perform a civilian work assignment in lieu of induction into the Armed Forces, a violation of 50 U.S.C. App. § 462. We affirm.

In 1966 Pryor was classified I-O by his local board (conscientious objector available for civilian work). 32 C.F.R. § 1622.14. Thereafter, he applied for,

and received, a IV-D exemption as a minister of religion "who as his regular and customary vocation preaches and teaches the principles of religion and administers the ordinances of public worship" of his sect. 50 U.S.C.App. § 466(g) (1). The change in classification was based upon evidence submitted by Pryor that he had been appointed a Pioneer Minister of Jehovah's Witnesses and, because of that status, was required to average one hundred hours a month, or twelve hundred hours a year, performing various duties for the church.

A year later the board received a note from Pryor stating that he was no longer a Pioneer Minister. On the basis of this information, the board reclassified him I-O. Pryor presented no further information in support of a ministerial exemption, did not take advantage of the right to a personal appearance or appeal,[1] and was eventually issued his Order to Report for Civilian Work which forms the basis of this prosecution.

The burden is upon the registrant to present facts which, unless shown to be untrue, entitle him to a lower classification. 32 C.F.R. § 1622.1(c). Since Pryor's original IV-D classification was based simply on the fact that he was a Pioneer Minister, there was no evidence left in the file to support a claim for IV-D exemption once he indicated that he was no longer a Pioneer Minister. Although he may still have been a "minister" in the eyes of his church, there were no facts indicating whether this was a "vocation" or "avocation," facts which are vital to a ministerial exemption. 50 U.S.C.App. § 466(g). Dickinson v. United States, 346 U.S. 389, 395, 74 S.Ct. 152, 98 L.Ed. 132 (1953). Since a prima facie case had not been presented, the board was not required to state its reasons for denying the IV-D classification. United States v. Campbell, 439 F.2d 1087 (9th Cir. 1971).

Appellant argues that he was unconscionably misled by a board employee into believing that only Pioneer Minis-

1. In light of our disposition, we do not consider whether Pryor's failure to ex-

haust his administrative remedies precludes him from challenging the order.

ters qualified for IV-D classification. *See* United States v. Lowell, 437 F.2d 906 (9th Cir. 1971). The record does not support this assertion. The employee told Pryor that he could submit verification of his Pioneer status or "any verification of his work as a minister he had." Hence, the employee did no more than tell him how to present his claim for a change in status.

Pryor's other assignments of error are without merit. The trier-of-fact could infer that he wilfully refused his work assignment from the fact that it was sent to him and he "did not report as ordered." United States v. Wilkinson, 443 F.2d 15 (9th Cir., decided May 11, 1971). The questioning of a board member as to his mental process in arriving at his classification decision was not relevant to the validity of the order. United States v. Lloyd, 431 F.2d 160, 166 (9th Cir. 1970). And conscription does not violate freedom of religion. *See* United States v. Craft, 423 F.2d 829, 833 (9th Cir. 1970) and cases cited therein.

Affirmed.