UNITED STATES of America,
Plaintiff,

v.

Jay Dennis KARDELL, Defendant.

No. 4–71 Cr. 237.

United States District Court,
D. Minnesota,
Fourth Division.

Dec. 29, 1971.

Robert G. Renner, U. S. Atty., by Peter J. Thompson, Asst. U. S. Atty., for plaintiff.

Peter J. Lindberg, Minneapolis, Minn., for defendant.

NEVILLE, District Judge.

Defendant registered with his local selective service board August 20, 1965. His name was then James Dennis Hanson, Jr., but as the file reflects was thereafter legally changed to Jay Dennis Kardell. Within 10 days after registering, defendant filed Form No. 150 and requested a conscientious objector status. Though originally denied by the local board, he was later and on November 18, 1967 classified I–O by the Appeal Board. This classification has remained unchanged and it is unnecessary for this court to review defendant's convictions or beliefs to determine a basis in fact therefor. It is noteworthy, however, that on April 19, 1967, defendant wrote his board that he wished to appeal his I–A classification since "Some time ago I put in for a classification as a Conscientious Objector, as I am an active member of Jehovah's witnesses." He did not mention nor attempt to assert any claim to be a minister nor to qualify for the ministerial exemption. Defendant's principal defense at trial however was that he is now a regularly and duly ordained minister of religion within the meaning of 50 App. U.S.C. § 456(g) and entitled to exemption on that ground. July 21, 1967 defendant again stated, referring to his own account of his personal interview before the Board, "Upon being questioned I requested a 1–O, conscientious objector, classification." At the same time he said flatly that he would not work in a hospital in lieu of military service.

On December 6, 1967 defendant filled out a current information questionnaire and stated his employment to be "upholsterer". Nearly three years later and on June 16, 1970 defendant was informed by letter from the board, that he was "to perform civilian work in lieu of induction." He returned an enclosed form, again stating his employment to be "Reupholsterer—Furniture". July 31, 1970 defendant was mailed a notice to appear before the board August 20, 1970 "for the purpose of rendering assistance in reaching an agreement as to the type of civilian work to be performed by you . . .." He appeared and stated he would not accept civilian work on the Board's order and would not do so short of a prison sentence by a court. Finally, October 29, 1970 the local board issued an order to defendant to report to the University of Oklahoma Medical Center at 8:00 A.M. November 16, 1970 for civilian work. Defendant did not so report. This is admitted and the certificate of the Medical Center in the file verifies such. There is no question in the court's mind and the court so finds, that defendant's refusal so to report and to accept civilian work was deliberate, wilful and knowing. As late as March 1, 1971 defendant submitted a current information questionnaire in which he advised of his marriage January 2, 1971 and again stated his employment as "Upholsterer". On a later occasion June 22, 1971, he wrote the Board:

"I have reported to local board No. 50 as requested. Because of conscience I still cannot accept civilian work.

Jay Kardell"

Not until July 8, 1971, seven months or more after first refusing to obey the order to report for civilian work, did defendant write the Board requesting classification of IV–D as a minister of religion.

At the trial the court, over the objection of the government and much to the irritation of the Assistant United States Attorney, permitted as an offer of proof the defendant to testify as to what he considers to be his ministerial duties, activities and employment and allowed corroborating witnesses so to testify. Among other things defendant produced a letter of October 29, 1971 certifying to his ordination on April 19, 1958 from the Watchtower Bible and Tract Society (Jehovah's Witnesses) of New York. Others testified to his sincerity, and faithful service.

The court need not reach the question of whether, had defendant timely asserted his certainly somewhat doubtful claim of the type disallowed by many courts, he could have qualified as a duly and regularly ordained minister of religion. The only real claim he ever made to the Board was that of a conscientious objector and this was granted. His offense and crime was committed at least by November 16, 1970 when he failed to report to the University of Oklahoma Medical Center for civilian work and anything occurring thereafter is not relevant nor a defense. Langhorne v. United States, 394 F.2d 129 (9th Cir. 1968); Daniels v. United States, 404 F.2d 1049, 1051 (9th Cir. 1968); United States v. Burgueno, 423 F.2d 599 (9th Cir. 1970), cert. denied, 398 U.S. 965, 90 S.Ct. 2174, 26 L.Ed.2d 548 (1970). The offer of proof is therefore rejected and the evidence adduced by defendant stricken.

A separate order directing a judgment of guilty has been entered.