**UNITED STATES of America, Plaintiff,**

v.

**Burnham John PHILBROOK, Defendant.**

**No. 3–71–Cr–181.**

United States District Court,
D. Minnesota,
Third Division.

Feb. 10, 1972.

---

2. See e. g. Sostre v. McGinnis, 442 F.2d 178 (2nd Cir. 1971).

Robert G. Renner, U. S. Atty., and Joseph T. Walbran, Asst. U. S. Atty., Minneapolis, Minn., for plaintiff.

Donald J. Heffernan, St. Paul, Minn., for defendant.

## MEMORANDUM and ORDER

DEVITT, Chief Judge.

The determinative issue in this jury waived criminal action is whether a sufficient record has been developed to enable the Court to determine that there was basis in fact supporting defendant's reclassification by his local Selective Service Board.[1]

Defendant was indicted on November 24, 1971 for failing to comply with an order of his local board to submit to induction. The facts are not in dispute and it has been stipulated that defendant's selective service file accurately reflects these facts. Defendant has admitted that he did refuse induction on the date in question and the government has agreed that defendant did present a prima facie showing of qualification for conscientious objector status. In addition the record reveals that defendant, up to the time of his refusal to submit to induction, cooperated with the Selective Service System, was fully aware of the options available to him within the administrative process and exhausted all available administrative remedies.

The government contends that under Caverly v. United States, 429 F.2d 92 (8th Cir. 1970) it is the duty of the Court to review the record as this was presented to the local board and uphold the denial of the registrant's claim for conscientious objector classification if that record reveals any basis upon which the board might properly have acted. But this is not an accurate statement of the holding in *Caverly*. *Caverly* requires that the record reflect the basis upon which the board did act and not merely a basis upon which the board might have acted.

While the holding in *Caverly* may indicate that the Eighth Circuit has not gone as far as other circuits in requiring a formalized statement of the basis for the local board's decision and the reasons therefor whenever the registrant makes out a prima facie case for the exemption, *See e. g.* United States v. O'Bryan, 450 F.2d 365 (6th Cir. 1971); United States v. Stetter, 445 F.2d 472 (5th Cir. 1971); United States v. Broyles, 423 F.2d 1299 (4th Cir. 1970); United States v. Haughton, 413 F.2d 736 (9th Cir. 1969); the decision does require that the record reflect the basis upon which the board has acted in denying registrant's request for classification.[2]

Even though items submitted to the local board by defendant might have led the board to question his sincerity the record does not indicate that lack of sincerity was the basis upon which the board acted to deny the requested classification. In the absence of any indication of what the board used as its basis in taking its action, I am not able to say that there was basis in fact for its decision.[3]

---

1. Other defenses raised here will not be considered in light of the determination that a finding of not guilty is required by the board failure to create a record sufficient to allow court review.

2. It is questionable whether this position is essentially different from that adopted by other circuits.

3. The government urges that two cases decided by the Eighth Circuit require a different result from that which I reach here. Neither of these cases require this. In the first of these cases, United States v. Abbott, 425 F.2d 910 (8th Cir. 1970), the question of whether the board was required to indicate on the record the basis of its decision was not at issue. United States v. Rutherford, 437 F.2d 182 (8th Cir. 1971), also is not determinative. Although it is not clear from the reported

Therefore since I must find the subsequent induction order to be invalid, I find the defendant not guilty of the offense charged in the indictment. In doing so I express no opinion concerning defendant's qualification for a conscientious objector classification.

decision, in *Rutherford* the court apparently was able to exclude the possibility that the board action was based upon impermissible grounds. The court noted it had been agreed that the action was based upon a board determination that the claim of the registrant lacked sincerity. *Rutherford* holds that a board finding of insincerity when it turns on factors not apparent from an examination of the file will not survive judicial review in the absence of written findings to support it. *Rutherford* does not concern itself as *Caverly* does with the situation where the basis of the board's action is not clear. *Rutherford* seems limited to the situation where it may conclusively be established that the board action was taken because the board doubted registrant's sincerity. Considered together, *Abbott* and *Rutherford* indicate that where the court determines that there is no possible basis in fact for the board

action, the court need not reach the question of whether the record reflects the reasons why the board did act. *Caverly* addresses itself to a different situation and holds that when the record reflects information which might constitute a basis in fact for the board action, then, for the court to be able to determine that this is the information upon which the board did act, it is necessary that the record reveal the basis upon which the board actions were taken. Absent such an indication in the record the court is not able to determine whether there was any basis in fact for the board action. Here it would be mere conjecture for the court to hold that the board based its rejection of registrant's claim upon a finding of insincerity. The record does not show this to be the basis of the board's action even though the selective service file does show that this might have been the case.