**UNITED STATES of America, Plaintiff,**

v.

**Douglas Albert KELM, Defendant.**

**No. 2–71–Crim.–195.**

United States District Court, D. Minnesota, Second Division.

March 14, 1972.

Robert G. Renner, U. S. Atty., and Elizabeth A. Egan, Asst. U. S. Atty., for plaintiff.

Samuel Wertheimer, St. Paul, Minn., for defendant.

MEMORANDUM AND FINDINGS

DEVITT, Chief Judge.

Defendant is before the court in this jury waived criminal action as a result of an indictment returned November 24, 1971 charging him with a violation of 50 U.S.C. App. § 462. The Grand Jury charged that defendant failed to comply with an order of his local Selective Service Board to submit to induction into the Armed Forces of the United States.

It is defendant's contention that a finding of not guilty is required under the principles announced by this court in United States v. Philbrook, 337 F.Supp. 70 (D.Minn.1972). The government contends that *Philbrook* does not apply as defendant did not make a prima facie showing of qualification for conscientious objector classification and thus the board was not required to indicate on the record the basis upon which it acted in denying the requested classification.

But an examination of defendant's Form 150 and the material he presented to the board in support of his claim for conscientious objector classification, reveals that defendant did present a prima facie showing of qualification within the meaning of Welsh v. United States, 398 U.S. 333, 90 S.Ct. 1792, 26 L.Ed.2d 308 (1970); Mulloy v. United States, 398 U.S. 410, 90 S.Ct. 1766, 26 L.Ed.2d 362 (1970); and the statutory requirements of 50 U.S.C. App. § 456(j).

Although an analysis of the type of material presented in support of registrant's claim might have been undertaken by the board in seeking to determine his sincerity, his request that the board consider a newspaper article, presented for inclusion in his file, as reflective of his views, does not alter the fact that he did make the requisite prima facie showing.[1]

Since I find that defendant did make a prima facie showing of qualification, the decision is governed by the principles reviewed in *Philbrook*. In the absence of any indication of what the board used as a basis for taking its action denying registrant's claim for conscientious objector classification, I am not able to say that there was basis in fact for the board's decision.

Therefore, since I must find the subsequent induction order to be invalid, I find the defendant not guilty of the offense charged in the indictment. In doing so I express no opinion concerning defendant's qualification for conscientious objector classification.[2]

---

1. It has been the position of courts that have considered the question that, " . . in resolving these exemption problems one deals with the beliefs of different individuals who will articulate them in a multitude of ways." United States v. Seeger, 380 U.S. 163, 85 S.Ct. 850, 863, 13 L.Ed.2d 733 (1965). In determining whether a registrant has presented a prima facie showing of qualification for conscientious objector classification the courts have refused to penalize a registrant who inarticulately states the basis of his claim for classification. United States v. O'Bryan, 450 F.2d 365 (6th Cir. 1971); Gruca v. Secretary of Army, 141 U.S.App.D.C. 85, 436 F.2d 239 (1970), cert. denied, 401 U.S. 978, 91 S.Ct. 1207, 28 L.Ed.2d 328 (1971); United States v. James, 417 F.2d 826 (4th Cir. 1969). In making this initial determination if a prima facie showing of qualification has been made it would thus be anomalous to penalize a registrant who presents his claims in language too closely reflecting the holdings of cases interpreting the statute. This case does not present the issue of whether the use of such a newspaper article may properly be considered by the board as evidence of registrant's lack of sincerity. At least one court which has considered a similar issue has held that, "One's sincerity is hardly diminished by his using the best words he can find to express it." Champ v. Seamans, 330 F.Supp. 1127 (M.D.Ala. 1971).

2. In light of the finding that defendant did make a prima facie showing of qualification for conscientious objector classification, no decision is necessary on defendant's contention that even in the absence of such a showing the board is required to provide a registrant with the reasons for denial of his claim.