**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Louis Edward JENNINGS, Defendant-Appellant.**

No. 72–2832.

United States Court of Appeals, Ninth Circuit.

Jan 18, 1973.
Rehearing Denied March 9, 1973.

---

J. B. Tietz (argued), Los Angeles, Cal., for defendant-appellant.

Joseph S. Jenckes, Asst. U. S. Atty. (argued), William C. Smitherman, U. S. Atty., Phoenix, Ariz., for plaintiff-appellee.

Before CHAMBERS and BARNES, Circuit Judges, and JAMESON,* District Judge.

BARNES, Circuit Judge:

Jennings appeals from his conviction for violation of 50 U.S.C. App. § 462(a) (Military Selective Service Act—failure to report for civilian employment), in the United States District Court for the District of Arizona. We affirm.

On October 10, 1967, Jennings filed SSS Form 150, Special Form for Conscientious Objector, with his local board. On January 8, 1969, however, he was classified I-A, and on January 8, 1969, he was ordered to report for induction. He refused to submit to that order. The United States Attorney did not prosecute, and Jennings' case was reprocessed by the Selective Service. On February 12, 1970, Jennings was placed in Class I-O, "conscientious objector available for civilian work contributing to the maintenance of the national health, safety, or interest." 32 C.F.R. § 1622.14 (1970).

On February 16, 1970, SSS Form 152, a special report form for conscientious objectors, was mailed to Jennings. The form entitled him to list the kind of civilian work he desired or was qualified to perform. The form was not returned to the local board and a second form was sent by certified mail. That second form was not returned. Thereafter, pursuant to 32 C.F.R. § 1660.20(b), the local board sent Jennings a letter offering him three types of civilian work in Arizona. They were as follows:

A. Institutional Helper—Valley of the Sun School for Mentally Retarded Children . . .

B. Service Worker—Arizona's Children's Colony . . .

C. Hospital Work—St. John's Hospital . . .

Jennings returned the letter with the statement that he would not perform any of the work offered. On the back of the letter he requested an alternate list of available and acceptable work.

* The Honorable William J. Jameson, United States District Judge of Montana, sitting by designation.

Pursuant to 32 C.F.R. § 1660.20(c), the local board notified Jennings of its request for an interview with a representative of the State Director of the Selective Service. The interview was set for June 25, 1970, but Jennings did not report. The local board reviewed his complete file and determined that he should do service work at the Arizona Children's Colony. An order to this effect was signed by three members of the local board, to become effective upon approval by the National Director.

On July 2, 1970, Jennings' registration number was reached for induction. The local board forwarded his complete file to the National Director requesting approval for his designated social work and authorization for the work order. The order was authorized on August 3, 1970, and issued on August 7, 1970. Jennings was ordered to appear before the local board on August 19, 1970 to obtain instructions for his work at the Children's Colony. He failed to report to either the local board or the work project. He was subsequently indicted.

Trial was set for June 24, 1971, but the Order for trial was vacated. Jennings' Attorney and the United States Attorney agreed that the trial would be postponed to afford Jennings an additional opportunity to find appropriate work in the national interest. Jennings did not find work and the trial was reset for September 15, 1971. Jennings subsequently claimed to have hepatitis and trial was again reset for January 7, 1972. On December 27, 1971, Jennings obtained employment as a Nursing Assistant at the Maricopa County General Hospital to begin on January 3, 1972. A hearing was held in the District Court on February 14, 1972, and trial was postponed with the condition that Jennings work in a health care institution for a period of twenty-four months.

On the basis of the Court Order postponing the trial, the local board reclassified Jennings as IV-F. Jennings quit his job as a Nursing Assistant and was brought to trial and convicted.

The following issues are raised on appeal:

1. Whether the local board failed in its duty to consider alternative work for appellant?

2. Whether the order to report for work was valid?

3. Whether the evidence to support the judgment of conviction was ambiguous?

4. Whether the order to perform civilian work is constitutional?

■ 1. *Duty to consider alternative work*: At trial, Jennings offered evidence that he performed social work in Cleveland with the United Church Board for Homeland Ministries and was prepared to do the same work to satisfy his military obligation. Two letters attesting to his qualifications for such work were sent by the religious organization to the local board. On the basis of this evidence, Jennings claims that the local board failed to designate a proper job alternative as required by 32 C.F.R. § 1660.20.

In view of the facts, this claim is patently without merit. Jennings was given the opportunity on two separate occasions to list the kind of civilian work which he preferred on SSS Form 152, but he chose not to so designate. When he was extended the opportunity to meet with a representative of the State Director of the Selective Service to discuss the work, he failed to attend the scheduled meeting. He cannot now complain that the work chosen for him was inappropriate. This Court's ruling in Daniels v. United States, 404 F.2d 1049 (9th Cir. 1968) is dispositive. Relying on Langhorne v. United States, 394 F.2d 129, 130–131 (9th Cir. 1968), we stated at page 1051:

" . . . a conscientious objector may not deny his local board's right to require him to perform any civilian work whatever, refuse to make any choice as to willingness to perform among the several kinds of work so offered him, and then, on his prosecution for fail-

ing to report to perform the particular work designated by the board, undertake to set up the defense that he regards the work as not being appropriate. On his unwillingness to engage in any such discussion before the board when he was afforded the opportunity to do so, and with his continued adherence to an unwillingness to perform any work designated by the board in lieu of military service the question of the appropriateness of the particular work assigned to him would be a matter of no significance on his trial as related to intent to violate the Act in refusing to obey the board's order."

**█ 2.** *Validity of the work order*: The order to report for work is said to be invalid for three reasons. First, the local board is said to have abdicated its duty to choose the work to the State Director in violation of the duty imposed on the board by 32 C.F.R. § 1660.20(b). But in Mang v. United States, 339 F.2d 369 (9th Cir. 1964), we held that the action of the local board, such as found here, was not an abdication of responsibility within the meaning of the Regulations.

**█** Second, Jennings argues that the choice was punitive because the work at the Children's Colony was menial; not suited to his abilities. This is a baseless accusation. No evidence was presented to substantiate the claim. The District Judge did not find the order punitive, and we can not hold to the contrary.

The order is finally said to be invalid because "[t]here is no evidence that the Order of Call was followed." (Appellant's Brief at 18). The burden of going forward with the evidence to prove this fact is on the appellant-defendant, not the Government. United States v. Smith, 443 F.2d 1278 (9th Cir. 1971).[1] Without evidence to the contrary, we conclude that the Order of Call was proper.

For these reasons we find that the order to work was valid.

*3. The evidence*: Jennings argues that the evidence to support his conviction was ambiguous because there is no explanation for his work at the Maricopa County General Hospital. This argument is frivolous. The District Court was thoroughly familiar with Jennings' last minute efforts at the Hospital, as it was with his entire Selective Service file.

**█ 4.** *Constitutional issues*: Jennings argues that the order to perform civilian work is unconstitutional. We have reviewed this issue several times in the past and have consistently found such orders to be well founded, constitutionally. United States v. Anderson, 467 F.2d 210 (9th Cir. 1972); United States v. Campbell, 439 F.2d 1087 (9th Cir. 1971).

Affirmed.

---

[1]. In United States v. Baker, 416 F.2d 202 (9th Cir. 1969), we held that "the Government need not affirmatively prove that a registrant was . . . (selected in order) . . . but may rely upon the presumption of regularity surrounding official proceedings to establish that fact." 416 F.2d at 205. *Accord*, Rusk v. United States, 419 F.2d 133, 136 (9th Cir. 1969).